JOHN VANCE, plaintiff in error, *v.* ROBERT SCHUYLER *et al.*, defendants in error.

*Error to McDonough.*

A deed, executed by the Auditor by virtue of the provisions of the revenue Acts of 1827 and 1829, is evidence of the regularity and legality of the sale, and is *prima facie* sufficient for the plaintiff without other evidence connected with it in relation to the sale.

A certificate of acknowledgment substantially complying with the statute, as to the facts to be embodied therein, is sufficient.

A deed acknowledged before and certified by a Commissioner of Deeds residing out of the State, is sufficient without proof of its execution, or legal evidence of the official character of such Commissioner.

A certificate of acknowledgment must contain some assignable locality, which the Court can judicially notice, to render the deed admissible in evidence without proof of its execution; and a notarial seal will not cure a defect in this respect.

The ninth section of the Act of January 19, 1829, requiring a deposit of copies of an advertisement of sale with the Auditor, Treasurer, and Secretary of State, and the forwarding of others to the clerks of the Commissioners' Court of their respective counties, &c., is directory to the officers named in said section, and a failure to comply with the statute will not invalidate a sale, if it were good in every other respect.

The vacating of a judgment, and granting a new trial under the 20th section of the Act of 1838-9, is a matter of right, under the first motion made for that purpose; but whether a second motion shall be sustained, is a matter which rests in the sound discretion of the Court.

EJECTMENT in the McDonough Circuit Court, at the May and October terms 1842, brought by the defendants in error against the plaintiff in error, and tried before the Hon. Stephen A. Douglass and a jury. Verdict for the plaintiffs

below at each trial.    Such of the facts as are material to the decision appear in the Opinion of the Court.

*W. A. Minshall*, for the plaintiff in error:

1.    The deed from the Auditor to S. B. Munn was improperly admitted, without other evidence in connexion therewith.    If a naked power, not coupled with an interest, is exercised, proof is necessary to show that every prerequisite of that power was complied with.    *Williams* v. *Peyton's Lessees*, 4 Wheat. 77; 4 Cond. R. 395.

2.    So, also, was the deed from Moulton and others to the plaintiffs below, without any seal of the Commissioner of Deeds, or certificate of his official character, and proof of the execution of said deed.    *Jackson* v. *Colden*, 4 Cowen, 280, 281.    The seal of a private court or person must be proved. 1 Starkie's Ev. 153; 1 Phil. Ev., Cowen & Hill's notes, 385. As to the mode of authenticating Commissioner's authority in New York, see Laws of New York, of 1841, vol. 4, page 44, section 5.    Our statute of 1829 will not aid it.    For construction of statutes, see *United States* v. *Fisher*, 1 Cond. R. 422, 425.

3.    The provision of the ninth section of the Act of January 19, 1829, is peremptory, and not directory merely.    The filing of the advertisements of sale is indispensable.

4.    As to the law regulating new trials, see *Jackson* v. *Laird*, 8 Johns. 489; *Same* v. *Crosby*, 12 do. 354; *Same* v. *Hooker*, 5 Cowen, 207.

*O. H. Browning*, *N. Bushnell*, and *A. Williams*, for the defendants in error.

The Opinion of the Court was delivered by

Scates, J.    *Ejectment*, brought by Schuyler and others against Vance.    It was tried at the May term of the McDonough Circuit Court, in 1842, when the plaintiffs recovered a judgment, which was vacated and a new trial granted by the Court.    The cause was again tried, at the October term 1842, and the jury again returned a verdict for the plaintiffs.

The defendant entered several motions:—To vacate the judgment, and grant a new trial:—To arrest;—and a motion, predicated upon affidavits, to vacate the judgment and grant a new trial, under the 30th section of the Act in relation to ejectment. The bill of exceptions contains these affidavits, and also several deeds, read in evidence by the plaintiffs; and a Patent, and a deed offered in evidence by the defendant; upon which questions were raised at the the trial, and preserved. So much of these as will present the questions raised, I will set forth in substance, in the order of the assignment of errors.

The plaintiffs read in evidence a deed from the Auditor to S. B. Munn, for the land in question, bearing date the 8th day of November, 1833, which recited a sale of this land by the Auditor, on the 8th day of January, 1831, for the taxes, interest, and cost chargeable thereon, for the year 1830; and without any other evidence in connexion with it. This is assigned as the first error. This objection cannot prevail. The sale was made under the Act passed in 1827, and 1829. The latter Act provides how the land shall be advertised, when sold by the Auditor. R. L. 525, § 9; Gale's Stat. 571. And in relation to sales made by the Auditor, the same section provides, that "it shall not be necessary for any purchaser of lands, so sold for taxes, to obtain, keep, or produce any advertisement of the sale thereof; but his deed, from the Auditor of Public Accounts shall be evidence of the regularity and legality of the sale, until the contrary shall be made to appear;" with a *proviso,* "that no exceptions shall be taken to any such deed, but such as shall apply to the real merits of the case, and are consistent with a liberal and fair interpretation of the intentions of the legislature." This provision has repealed that rule of strict construction, applied to the exercise of naked powers uncoupled with an interest, in relation to this sale; and it requires us to take a liberal and fair view, upon exceptions taken to the sale, and throwing the burden of proof upon the objector, to allow only such as "apply to the real merits of the case." This deed, then, was *prima facie,* sufficient for the plaintiffs, without other evidence connected with it, in relation to the sale.

In making out their chain of title, the plaintiffs read in evidence a deed from Charles F. Moulton and Casarina J., his wife, and Russell H. Nevins, to plaintiffs. The certificate of acknowledgment upon it commenced thus,—"State, City and County of New York, ss," and was subscribed, "John Taylor, Commissioner of Deeds for City of New York." The body of the certificate is a substantial compliance with the statute of this State, as to the facts to be embodied in it. The second error assigned is, in permitting this deed to be read without proof of its execution; or legal evidence of the official character of the Commissioner of Deeds. But this objection may not lie, for the statute has authorized acknowledgments to be taken, or proved, before "any Commissioner to take acknowledgments of deeds," when speaking of persons out of the State, and is silent as to any authentication of their official character. R. L. 137, § 1.; Gale's Stat. 155. And we may not superadd thereto, or require more than the legislature thought fit. The less so, in this instance, as the Act enumerates in the same connexion, "any clerk of a Court of record, mayor of a city, or notary public;" but who shall authenticate his character, "under his seal of office." Justices of the peace are also enumerated. But one out of the State must be authenticated by the certificate of the "proper clerk," that he "was a justice of the peace at the time of making the same." And so, in like manner, in the State, by the County Commissioners' clerk, when the land lies in a different county, where he is no justice and not known as such. I would note the fact, that there is no law in this State that authorizes the appointment of a "Commissioner" for that purpose; and so we must understand the law to mean, those out of the State appointed for that object.

The defendant offered in evidence a Patent from the General Government to Spencer Nelson, bearing date 19th November, 1817, for the same land; and a deed from Nelson to James Shaw, dated 22d July, 1818. This last purported to be acknowledged as follows:—"Lincoln, ss. Wiscassett, July 22d, 1818. Personally appeared before me, Seth Tinkham, Notary Public, by legal authority appointed and sworn, dwell-

ing in Wiscassett aforesaid, Spencer Nelson, and acknowl-
edged the above instrument in writing by him subscribed, to
be his free act and deed, for the purpose therein mentioned;
and requested that the same might be received and taken as
such.   And also made oath, that he is the same person to
whom the within patent was granted.   In testimony whereof,
I have hereunto set my hand and affixed my seal of office, the
day and year first above written.   Seth Tinkham, Notary
Public.  [Seal.]"   The third error is for refusing these in
evidence.   But it is not well, for "Lincoln ss. Wiscassett,"
judicially, have no assignable locality, and the seal affixed
will not help it.   So there is no such acknowledgment as will
dispense with proof of the execution; there is a subscribing
witness that might have been called.   The actual recording
of it in 1837 will make it no better for this case.   The Patent
must fall with it.   It would not show, alone, a paramount
outstanding title in another.   The Auditor's deed, being sub-
sequent to it, would be paramount to it, if not rebutted and
defeated.

The affidavit of defendant stated in substance, that, since
the meeting of the Court, he had discovered that it would be
necessary to prove the execution of the deed from Spencer
Nelson to James Shaw, of whom he purchased.   He further
states, that he procured Charles Chandler since the last term
of the Court to make inquiry and search for him, for the evi-
dence of the sales by the Auditor of lands sold for taxes, for
the years 1829, 1830, 1831, and 1832; that Chandler, with
others, was interested in the same question; that he procured
James M. Campbell, who made the examination, about the
month of July, 1842; that he was informed by the Auditor,
and, upon examination, found there were no advertisements
of the sale of said land on file; or on record in the Auditor's
office, but the same were lost.   This information was not
given to defendant till that, then present, term of the Court,
too late to enable him to avail himself of it upon the trial.
He further states, that he has discovered new testimony, of
which he knew nothing at the trial; and that is, that he can
prove by James M. Campbell, who is and has been clerk of

the County Commissioners' Court of McDonough county since June, 1831, that the printer, who published the advertisement of the sale, never deposited a copy in the Auditor's office; and no such notice ever came to the Clerk's office of McDonough county. And further, that the Auditor wholly failed to comply with the law, in furnishing the clerk of said Court with a list of lands sold for taxes by the State, for the year 1831. That the Auditor wholly failed to preserve files, and keep records of such advertisements. That he expects to be able to prove these facts by the next term.

Charles Chandler merely corroborates defendant in his statement, that he was requested to search, and employed James M. Campbell to do it, who told him he could find no advertisements on file, or record. James M. Campbell corroborates defendant in his being clerk; in there being no such notices in his office; in making the search at the Auditor's office: and he further states, that he requested such notices to be sent by the Auditor, for the years previous to 1833, but received none.

The motion for a new trial, embracing these affidavits, includes the fourth, sixth and seventh assignment of errors. The fifth is in refusing to arrest the judgment, but upon what ground I cannot discover.

Here appears to be a great want of diligence, culpable negligence, in preparing, collecting and arranging the evidence necessary to attack the plaintiffs' title, as well as to sustain his own. There had been a trial in May, when, doubtless, all this evidence must have appeared to be necessary. In relation to the proof of the execution of the deed by Nelson, he says, since the meeting of the Court he has discovered it to be necessary. Had he not made that discovery on the former trial, six months before? He does not deny it. He knew where the other evidence was to be found, had employed agents to examine, and they had examined as early as July, but had neglected to inform him until Court in October. He must answer for the diligence of his agents, as well as of himself.

But would this evidence avail any thing? We are of opinion, that the provisions of the ninth section, before referred to, directing the printer to deposit one copy of the advertisement of the sale with the Auditor, one with the Treasurer, and one with the Secretary of State, and to forward one copy to each of the clerks of the County Commissioners' Courts of the respective counties, where such advertised lands may lie, are directory; and the further direction to those officers to file and preserve them as records, are in like manner directory; and a failure to comply with the statute would not invalidate a sale, if it were good in every other respect. The object of their provision is, to preserve evidence for, and accessible to, all concerned; and either to impeach for irregularity, or to sustain the sale. Copies of them are made evidence, and the neglect to keep them increases the burden of proof on those who would gainsay the title. But shall the difficulty of attacking, be made a ground of overthrowing the title thus hard to assail? Especially when the law declares, that the purchaser need not obtain, and keep, or produce any such advertisement, upon trial. It would be like inviting the purchaser, unarmed to a contest, and slaying him, because he has no weapon:—or slaying him, because his adversary, could not find his. So far as the want, destruction, or non-existence of these files and records are concerned, the sale is good, under this statute.

The other ground assumed is upon a separate motion to vacate the judgment, and grant a new trial under the 30th section of the Act of 1838–9, p. 225. The first new trial under that statute seems to be a matter of right. The second rests in the sound discretion of the Court, where it shall appear, that the rights of the parties will be better ascertained and adjusted. Whether the manner in which the Circuit Court may exercise that discretion would, or not be subject to revision, it is unnecessary to determine, as we can see no reason, from the record, for differing with the Court below. The new facts ought not to defeat the plaintiff's title. The proof of the execution of the deed by Nelson to Shaw, and

even a regular deduction of title to defendant below, would not overreach their title, unless the defendant could, in some way, impeach it; and that way is not made to appear to us.

Judgment affirmed with cost. *

*Judgment affirmed.*

---

* Since the decision of the above cause, the legislature has passed an Act authorizing the appointment of Commissioners of Deeds in other States. Laws of 1844–5, p. 28; Rev. Stat. 580.