BOYERS *v.* NEWBANKS and Wife.

The R. S. of 1843 require that a petition for dower should allege that the dower had been demanded.

Dower may be assigned by parol; nothing is required but to ascertain the widow's share, and when this is done and she has entered, the freehold rests in her, without livery of seizin or writing.

A guardian can assign dower.

*Friday, December 6.*

APPEAL from the *Harrison* Probate Court.

BLACKFORD, J.—This was a petition for dower, filed in the Probate Court of *Harrison* county, in 1848, by *Jona-*

*than Newbanks* and *Elizabeth* his wife. The petition states that on the 10th of *May*, 1830, the said *Elizabeth* and one *Jesse Long*, now deceased, were married; that afterwards, to-wit, on the 10th of *January*, 1835, and during the existence of such marriage, the said *Jesse* was seized in fee of the east half of the north-west quarter of section eleven, township three south, range three west; that said *Jesse*, from the time last named until his death, continued seized of said land, and left, at his death, the said *Elizabeth* his widow. The petition further states that, afterwards, one *Levi Long*, who had been appointed guardian to the minor heirs of said *Jesse's* estate, obtained an order of said Probate Court for the sale of said land; that said guardian, by virtue of said order, did, on the 12th of *October*, 1843, sell the interest of said heirs in said land to the defendant, *Boyers*, who still continues to hold the same; and that, on the 13th of *October*, 1842, the petitioners were married. The petition prays that commissioners may be appointed to assign dower to the petitioners in said land.

The defendant, *Boyers*, pleaded two pleas. First, that the petitioners were not entitled to dower in the land described in the petition. The second plea is substantially as follows: That said *Jesse Long*, at the time of his death, was the owner in fee of the tract of land mentioned in the petition, and also of the south-west quarter of section twenty-five, township three south, range three east; that he left, at his death, several minor children (naming them) his heirs at law; and that *Levi Long*, the grandfather of those heirs, was duly appointed their guardian by the Probate Court. This plea also states that, in 1843, after said *Jesse's* death, and after said *Levi's* appointment as guardian as aforesaid, the said guardian, by agreement between him and the petitioners, caused to be assigned and set apart to the petitioners, as the full dower of the lands owned by said *Jesse* at his death, and to which said *Elizabeth*, as such widow, was entitled, all that part of said south-west quarter of section twenty-five, township three south, range three east, which lies south of the road, &c., and also about five acres off the east

Nov Term, 1850.

Boyers
v.
Newbanks.

end of that part of said quarter section which lies north of said road; that the petitioners accepted the same as the full dower of all the lands owned by said *Jesse* at the time of his death; that they entered into possession thereof as such dower, and still keep possession of the same. Verification.

The petitioners joined issue on the first plea. They demurred to the second, assigning as a cause of demurrer, that the agreement set up in bar of the dower is not alleged to be in writing. The demurrer was sustained. The cause was submitted to the Court on the issue on the first plea, and the issue was found for the petitioners. A motion for a new trial was overruled, and judgment rendered that the petitioners be endowed, &c.

We think this judgment is erroneous. The demurrer to the second plea requires us to look back to the petition. There is no averment in the petition that the dower had been demanded before the commencement of the suit; and the petition is, therefore, insufficient. The statute expressly requires that the petition should allege that the dower had been demanded. R. S. 1843, p. 804. The statutes of 1831 and 1838 also required a demand of the dower to be averred in the petition. *Dunn* v. *Loder*, 5 Blackf. 446.—*Spinning* v. *Rowland*, 7 id. 7.

But if the petition were not objectionable, still the judgment for the petitioners would be erroneous; the second plea being a valid defence.

One objection made to this plea is, that the assignment of dower relied on is not alleged to be in writing. There is nothing in this objection. It is said in one of our oldest and best law-books, that " there needeth neither livery of seizin nor writing to any assignment of dower, because it is due of common right." Coke Litt. 35, a. And in one of the latest works on Real Property, the writer says, " dower may be assigned by parol, for the widow being entitled of common right, nothing is required but to ascertain her share ; and when this is done, and she has entered, the freehold vests in her without livery of seizin or writing." 2 Crabb's Law of Real Property, s. 1144.

There is also a case in point, in which the Court use the following language: "This case turns entirely upon the question, whether an assignment of dower can be made by the heir, or other person liable to have it demanded of him, without an instrument of writing or deed, but no case has been cited to show that an instrument in writing or deed is necessary. It seems to be admitted by the counsel for the demandant, that but for the statute of frauds, an assignment without an instrument in writing or deed would be good, for his only answer to the authorities cited on the other side is, that they were before the passing of that statute. Now if an assignment was a conveyance from the heir to the widow, without doubt, since the statute, a deed or writing would be necessary; but it is not a conveyance; the widow holding her estate by law, and not by contract, wants nothing but to have that part which she is to enjoy set out and distinguished from the rest, and this may be done by setting it out by metes and bounds as well as by deed. The widow does not hold her estate of the heir, but of her deceased husband, or rather by appointment of law." *Conant* v. *Little*, 1 Pick. 189.

Nov. Term, 1850.

BOYERS v. NEWBANKS.

The other objection made to the second plea is, that the guardian had no authority to assign the dower. This objection is also untenable. There is a case in which this point is directly decided. The Court there says: "One question in this case relates to the power of a guardian to assign dower. It is a well settled general principle, that a guardian cannot, by his contract, bind the person or estate of his ward. The law is equally clear that an infant is bound to set off the widow's dower. There are a great many cases in which infancy gives no privilege, as in the repairing of bridges, &c. The assignment of dower is a case where the least delay is admitted, and the question is, how is an infant to make the assignment? It cannot be better done than by his guardian." *Jones et ux.* v. *Brewer*, 1 Pick. 314.

*Per Curiam.*—The judgment is reversed with costs.

Cause remanded, with leave to the petitioners to amend the petition.   Costs here.

*W. A. Porter*, for the appellant.

*C. Dewey*, for the appellees.