## HASSELMAN ET AL. *v.* ALLEN ET AL.

| 42 | 257 |
| 127 | 534 |

PRACTICE.—*Special Finding.*—Where a special finding of facts is made by the court, not having been demanded by either party, it will not be considered on appeal as being more than a general finding.

DOWER.—*Assignment of.—Demand.—Time of.*—Under the Statute of 1843, p. 804, sec. 67, the persons entitled to the freehold were not liable to an action for the assignment of dower, until thirty days after demand for such assignment. Accordingly, where the evidence failed to show when the demand was made, there could be no recovery.

APPEAL from the Madison Circuit Court.

OSBORN, C. J.—On the 20th day of September, 1870, the appellants filed their complaint and commenced an action against the appellees. The complaint alleges, that in 1852, Seth Smith died intestate, seized in fee simple of certain land situate in Madison county, which is described in the complaint; that he left surviving him Sarah D. Smith, his widow, and three children. The children are the appellees and were the defendants below. It is further alleged, that in January, 1868, the appellants recovered a judgment in the court of common pleas of Madison county against Sarah D. Smith, the widow, for $965.14, and a decree to sell all of her interest in the land; that a copy of the decree was issued by the clerk and placed in the hands of the sheriff, under which he sold and conveyed the land to the appellants, in May, 1869; that on the 1st day of September, 1870, they demanded of the appellees "that they assign to them one-third of said real estate for the life of said Sarah D. Smith,

as her dower interest therein, which they refused to do." It is also alleged that Sarah is still alive. Prayer for the appointment of commissioners to assign one-third of the land to them during her life, for a judgment for damages, and other proper relief.

A demurrer was filed to the complaint, which was overruled, to which exception was taken. The appellees then filed an answer of general denial. The cause was tried by the court. A special finding of the facts and conclusions of law appear in the record, but as they were not demanded by either party, we cannot regard them as legitimately in the record under section 341, 2 G & H. 207. There is enough in the finding, however, to answer for a general finding for the appellees.

The appellants moved the court for judgment against the appellees on the special finding, which was overruled, and they excepted. They also filed a motion for a new trial, assigning several reasons therefor, only two of which are causes for a new trial: 1st. The decision of the court is not sustained by sufficient evidence; and 2d. The decision of the court is contrary to law.

Four errors are assigned: 1st. That the court erred in overruling the motion for a new trial. The 2d, 3rd, and 4th relate to alleged errors in the action of the court on the special finding and conclusions of law. They raise no question, for the reason before stated.

The evidence is set forth in a bill of exceptions, by which it is established that Seth Smith died in February, 1852, seized in fee simple of the real estate described in the complaint, leaving Sarah D. Smith, his widow, and the appellees, his only children; that on the 26th day of January, 1867, the widow executed to the appellants a mortgage, with covenants of warranty in the statutory form, upon the land, which was duly acknowledged and recorded; that at the January term of 1868, of the Madison Common Pleas, the appellants recovered a judgment of foreclosure of the mortgage; that a copy of the decree and order of sale was issued by the

clerk of the court, directed to the sheriff of Madison county, by virtue of which he sold and conveyed the land to the appellants; that before the commencement of the action, the appellants demanded of the appellees to make an assignment of the dower interest of the widow, Sarah D., in the land, and that they refused to do it. The evidence does not disclose when the demand was made. The only witness on that subject, W. R. Pierse, testified, that "before this suit was brought, the plaintiffs demanded of the defendants to have the dower assigned of the land in controversy, which they refused to do."

Sec. 67, Rev. Stat. 1843, p. 804, provided, that if dower was not assigned within thirty days, next after demand, it might be assigned by commissoners to be appointed by the court. Section 68 gave to the widow the election to proceed by bill in chancery, by petition and summons or publication. It has been frequently held by this court, that no action would lie for an assignment of dower until after demand. *Dunn* v. *Loder*, 5 Blackf. 446; *Boyers* v. *Newbanks*, 2 Ind. 388; *Wells* v. *Sprague*, 10 Ind. 305. The evidence in the case does not show that the demand was made thirty days before the action was brought. Until that time had elapsed, those entitled to the freehold were not liable to an action. The law gave them that length of time to make the assignment. If not done within that time, the widow might institute proceedings to have it assigned to her.

The judgment of the said Madison Circuit Court is affirmed, with costs.

*W. R. Pierse* and *H. D. Thompson*, for appellants.

*C. D. Thompson, J. L. Smith, J. W. Sansberry*, and *E. B. Goodykoontz*, for appellees.