*2 —— when not liable.*

---

## TODD v. JONES & JONES.

Acknowledgment. The certificate of acknowledgment to a deed of conveyance read as follows: "This day personally appeared before me, etc., who are *to me known* to be the identical persons whose, etc." *Held*,

that the omission of the word "*personally*" before the word "*known*" did not render the acknowledgment ineffectual, as the words used, necessarily implied personal knowledge, unless negatived by a further statement that such knowledge came from information.

### Appeal from Jackson District Court.

### Tuesday, April 16.

The facts are sufficiently stated in the opinion of the court.

*A. R. Cotton* for the appellant.

*W. E. Leffingwell* for the appellee.

Lowe, Ch. J.—Action of right to recover the possession of certain lands, in the petition described. Both parties derive title from John Jones, and either, as against him, would be good, if the other was out of the way. Which has the better title, therefore, depends upon the question, who has the older valid title? That the defendant's, Elizabeth Jones', antedates the plaintiff's, is conceded; but the plaintiff is a purchaser without actual notice, and he claims that, although defendant's deed was on record, yet that the acknowledgment thereof was too defective to impart notice; and the controversy turns upon the legal sufficiency of the same, which reads as follows, as to the part objected to: " This day personally appeared before me, etc., who are *to me known* to be the identical persons, etc."

*Acknowledgment.*

The alleged defect consists in the omission of the word "*personally*" before the word "*known*," which, it is claimed, renders the acknowledgment ineffectual, because it is not in substantial compliance with the statute.

Such is not our opinion: the words used necessarily imply personal knowledge, unless negatived by a further statement that such knowledge comes from information; and such is the tenor of our decisions heretofore.

Affirmed.