ROSENTHAL *et al.* v. GRIFFIN.

Acknowledgment: CERTIFICATION OF IDENTITY. The omission of the word *"personally"* before the word "known" in a certificate of acknowledgment, is not necessarily fatal to its validity. Following *Todd* v. *Jones & Jones,* 22 Iowa, 146.

*Appeal from Delaware District Court.*

TUESDAY, OCTOBER 22.

A SUFFICIENT statement of facts will be found in the opinion.

*R. B. Griffin,* appellant, *pro se.*

*J. M. Brayton* for the appellees.

LOWE, Ch. J. — Action of right. Both parties deriving title to the property in dispute from the same source. The plaintiffs' title was adjudged to be the better and paramount one; but although their deed was recorded, the defendant insists that the acknowledgment thereof was too defective to impart notice to him, a subsequent purchaser, for the reason that it fails to state that the grantor was *personally* known to the officer taking the same. The certificate of acknowledgment reads as follows : " Before me, a notary public, in and for said county, personally came Leving Burrington, to me known to be the identical person," etc.

*[sidenote: ACKNOWLEDG-MENT: certification of iden-tity.]*

The omission of the word *personally,* before the word *known,* is the defect complained of. This precise question was passed upon in the case of *Todd* v. *Jones & Jones* (22 Iowa, 146), holding that the objection was not good ; and upon the authority of that case we will affirm the decision below.

Affirmed.