WALLS and another vs. HELFENSTEIN and others.

*Insurance on vessel—Owners in common—Release of vendor's lien as to part— Several rights of action for moneys deposited with agents for their use.*

A. purchased an undivided half, and B. & C. each an undivided fourth of a vessel, and they gave their joint notes for the whole amount of the purchase money unpaid, and mortgaged the vessel back to the vendor to secure said notes, covenanting in the mortgage to have the vessel insured, and have the insurance renewed from time to time, to an amount at least equal to that due on the mortgage, and to deliver the policies to the vendor as collateral security for the payment of their indebtedness. Thereupon a policy held by the vendor was assigned to the vendees, but, by an endorsement upon it, with the consent of all parties interested, any loss was made payable to the vendor. Sub-

sequently the vendor released to B. & C. their two several undivided fourths of the vessel, and discharged them from their proportion of the debt secured by the notes and mortgage, and accepted the remaining half of the vessel and A. as security for the moneys remaining unpaid on the mortgage, releasing B. & C. from the payment thereof. The vessel having been lost, and the amount of the policy paid by the insurance company into defendants' hands for the parties entitled thereto, *Held,*

(1.) That the vendor, in discharging B. & C. from payment of the remaining debt, and releasing their shares of the vessel from the mortgage, relinquished all claim to their half of the insurance money, even though the other half was less than the amount still due from A.

(2.) That B. & C. may recover their separate half from the defendants, and the principle that a contract cannot be divided so as to subject the *maker* to several actions thereon without his consent, does not apply.

APPEAL from the Circuit Court for *Milwaukee* County.

The National Insurance Company of Boston, paid to the defendants herein, as its agents in Milwaukee, the sum of $5,000, for the use of the persons entitled thereto under a policy of insurance upon the propeller "Belle." The plaintiffs, each owning one undivided fourth of said propeller at the time of the loss, brought this suit to recover $2,500 of said sum. The defense was, in substance, that one Engelmann was entitled to the amount so claimed. The grounds of the plaintiffs' demand, and of the defense, will fully appear from the opinion.

The plaintiffs had a judgment for the amount claimed; and the defendants appealed.

*Finches, Lynde and Miller,* for appellants, to the point that a contract cannot be divided into parts so as to subject the maker to several actions upon it, *without his consent,* cited *Douglass v. Wilkeson,* 6 Wend., 640; 1 Ld. Raym., 360; 1 Salk., 65; 12 Mod., 213; 1 Scam., 530; 2 Bay (S.C.), 324; 15 La. Ann., 660; 3 Gilman, 49; 5 Wheat., 277; 20 Pick., 18.

*Butler & Winkler,* for respondents, argued that if Engelmann had released the *whole* debt and the mortgage, he would have had no further demand on the policy, and his three vendees

could then have maintained an action on the policy, as it stood in their own names (*Rider v. Ins. Co.*, 20 Pick., 259; *Farrow vs. Ins. Co.*, 18 Pick., 53; *Beach v. Ins. Co.*, 8 Abb. Pr. R., 261, note; *Ennis v. Ins. Co.*, 3 Bosw., 516; *Peabody v. Ins. Co.*, 20 Barb., 339; *Robert v. Ins. Co.*, 17 Wend., 631; *Motley v. Ins. Co.*, 29 Me., 337); and that it was equally clear that when Engelmann released the plaintiffs' share of the vessel from the mortgage, and discharged them from the debt, he also relinquished all share in their half of the policy of insurance, and could not collect it.

COLE, J. The counsel for the defendants have very fully argued the proposition, that a contract cannot be divided into parts, so as to subject the maker to several actions upon it by the assignees, without the maker's consent. We have no doubt about the correctness of that proposition, but we do not think it applicable to this case. This is not an action on the policy. The insurance company has paid the amount of the policy (less $250 which Engelmann remitted from his share) into the hands of the defendants, for the use of the parties entitled to the same. It is therefore not an attempt on the part of those interested in the insurance money, to subject the company to several actions upon the policy. But it is simply an action to recover the share of this money now in the hands of the defendants, which the plaintiffs claim they are entitled to.

If the plaintiffs are entitled in equity and good conscience to any portion of this money, they can manifestly recover it in this action. Now what are the facts upon which they base their right to twenty-five hundred dollars of this insurance money? The circuit court has stated them in its finding as follows, and there is no exception to this finding:

It appears that on the 10th of April, 1869, one Nathan Engelmann, then the owner of the propeller "Belle," sold the vessel to William Luskins and the plaintiffs, conveying to Luskins an undivided one-half, and to each of the plaintiffs an un-

divided one-fourth, in severalty. Luskins and the plaintiffs remained indebted to Engelmann for the respective shares of the vessel so bought by them, in the sum of $6,650, in the aggregate; and, to secure such unpaid part of the purchase money, the vendees executed, on the day of sale, to Engelmann, their six joint promissory notes, amounting in the aggregate to that sum, together with a mortgage on the propeller to secure the payment of the same. In the mortgage the vendees, among other things, covenanted to procure an insurance on the propeller for an amount at least equal to the amount which, from time to time, should remain unpaid on the mortgage, and interest; and also agreed to renew such insurance, and to assign and deliver the policies to the mortgagee as collateral security for the payment of their indebtedness. Engelmann, at the time of sale, had an unexpired policy of insurance on the propeller of $5,000, in the National Insurance Company of Boston, which, with the consent of the company, he assigned to the vendees, they paying the premium on the policy after the assignment; and, with the consent of all parties interested, and of the company, by an indorsement on the policy, the loss was made payable to Engelmann. Afterwards the plaintiffs fully paid to Engelmann what was due from them upon the notes and mortgage for their shares of the propeller, and he executed and delivered to them an instrument under seal, reciting the mortgage and that the plaintiffs owned each one-fourth and Luskins one-half of the propeller, and further reciting that he, Engelmann, had agreed, for the sum of twenty-five hundred dollars, to release to the plaintiffs their interests in the propeller, and to discharge them from their proportion of the debt secured by the notes and mortgage, saving and reserving, however, the same as to the remaining half against Luskins, and accepting the residue of the propeller and Luskins as security for the payment of the moneys remaining unpaid on the mortgage, and discharging and releasing the plaintiffs from the payment thereof. After this the propeller was lost, and the insu-

rance company paid the amount of the policy, five thousand dollars — less two hundred and fifty dollars remitted by Engelmann from his share — into the hands of the defendants, for the use of the parties entitled to the same. At this time there was due Engelmann from Luskins the sum of $1,100, over and above the amount of insurance money paid into the hands of the defendants on account of Luskins' half of the propeller. The defendants have paid the plaintiffs the sum of $1,403.84, and hold the remainder of the $2,500, at the request and for the benefit of, and under an indemnity from, Engelmann, who claims the same to pay the balance of the mortgage due him from Luskins.

To our minds the proposition seems almost too plain to admit of discussion, that when Engelmann released the plaintiffs' share of the propeller from the mortgage, and discharged them from the payment of the debt remaining unpaid, he thereby relinquished all right to their share of the insurance money. The loss was made payable to him for the purpose of giving him additional security for the payment of the mortgage debt. It was merely collateral security. When the mortgage debt was paid, his interest in the policy became extinct. Now he saw fit to accept twenty-five hundred dollars in full for what the plaintiffs had become bound to pay him, and released them and their interest in the propeller from all further liability. What right, then, has he to their share of the insurance money? Why can he claim to hold that money for any debt due him from Luskins, any more than any other property belonging to them? Suppose the entire mortgage debt had been paid before the loss; would it then be claimed that he could collect and hold the proceeds of the policy? And if he could not then retain the insurance money, he certainly cannot now hold the share belonging to the plaintiffs after he has discharged them and their interest in the propeller from all liability for the mortgage debt. No further reasoning is necessary, as it seems to us, in support of a proposition so obviously just and rational.

We think the judgment of the circuit court is correct, and that it must be affirmed.

*By the Court.*— Judgment affirmed.