### RUSSELL v. UMPHLET.

ADMINISTRATOR—*Ad litem*—*Not bound by decree.*—An administrator *ad litem,* not being obligated by bond or affidavit, is without authority of law to bind any one in interest, and no decree can be properly made against him.

DOWER—*Mode of relinquishment.*—To relinquish the wife's dower, the conveyance must be of her own free will; she must understand the nature and effect of the deed, and in the absence of her husband, openly confess to an officer authorized by law to take the acknowledgement, that the conveyance is without undue influence and for the purposes specified.

APPEAL FROM CONWAY CIRCUIT COURT.

HON. W. N. MAY, *Circuit Judge.*

*T. D. W. Yonley,* for Appellant.
*Wassell & Moore,* for Appellee.

The appellee having only a *dower* interest, the form of the mortgage is defective. There is no *relinquishment of dower clause* in the mortgage, and the acknowledgement is fatally defective as to appellant. *Gould's Dig., Ch* 37, *Sec.* 21.

The mortgage was not entitled to be recorded; See *Section* 22; nor to be offered in evidence; See *Sec.* 26, *Gould's Dig.*

GREGG, J.—On the 13th of January, 1868, the appellee and Lewis B. Umphlet, who was then her husband, but since has died, signed and delivered to Barnes & Brother a deed of mortgage on block 18, in the town of Lewisburg, to secure the payment of two writings obligatory for $1147 $\frac{91}{100}$, and interest on that sum.

The writings and mortgage were duly transferred by assignment to the appellant, and he brought this suit against appellee, Barnes & Brother, and O. Conlee, who is alleged to be in the possession of the premises, for foreclosure, etc.

The bill, after alleging the execution of the obligations and mortgage deed, alleges the death of Lewis B.; that he died without heirs, leaving the appellee, his widow; that in said mortgage deed she did not formally relinquish dower, but

virtually and in effect she did do so, and that she had often admitted such fact; that as such widow, she was exercising ownership over the premises and collecting rents therefrom, and that the amounts so secured was wholly unpaid, and that no administration had been had on Lewis B. Umphlet's estate.

The appellee answered that she and her husband signed the deed of mortgage, but that she signed it in the presence of her husband and only under his coercion and undue influence, and did not relinquish her right of dower or of homestead in the premises, and that she was entitled to hold the same in right of dower and homestead. That the said Lewis B., did die without heirs, and that she is his widow; that he died seized of no other real estate, except the premises in controversy, which she is using as a homestead, and that she has no other homestead; but she makes no response to the charge of renting to O. Conlee.

A general replication was entered to the answer.

The court assumed to appoint W. S. Hanna, an administrator, *ad litem;* such appointee was obligated, by neither bond or affidavit; he was without authority of law to bind any one in interest, and no decree could properly be made against him, and hence his appointment was, at least, useless.

Barnes & Brother and O. Conlee made default and a decree *pro confesso* was taken against them.

A witness to the deed, and the justice, who took the acknowledgment, gave their depositions, testifying that they went to the house of Umphlet; that in the presence of each other Umphlet and wife signed the deed; he acknowledged it, and, while he was still in the room, the justice asked the appellee, "If she signed the mortgage of her own free will and accord," and she responded, "I have signed it."

In the justice's certificate of acknowledgment, he states that the appellee and her husband acknowledged that they had executed the deed for the purposes therein mentioned, but does not state that she was examined separate from her

husband or that she declared that she had executed the deed, of her own free will and without undue influence, or any other words to that effect.

Upon this proof and the pleadings, the court found for the appellant $1463 50 against the administrator *ad litem* and Barnes & Brother, and that the deed of mortgage created a lien upon the block described, but subject to a right of dower and homestead in the appellee, and decreed that said sum be paid by a day named, and in default thereof, that said block be sold subject to such homestead and dower rights; that the possession be retained by the appellee, and if she abandons such possession, that one-half of the rents and profits be paid to her as dower.

The decree herein is rendered against Lucien J. Barnes and David H. Barnes for the $1463 50, when the suit was brought against Lucien J. and *Casius M. Barnes*, and the record does not show that any process was ever issued against or served upon any one of the Barnes', nor did either of them ever enter an appearance in that court. It need hardly be stated, that the court below should have obtained jurisdiction of these parties before rendering a decree affecting their interest.

It is well understood that allegations in the bill, which are admitted in the answer, need no proof, and it is equally well settled that where the answer admits facts stated in the bill, and makes other allegations to avoid a recovery, such new matter must be proved by the defendant or admitted by the complainant, to the same extent that the plaintiff must prove original allegations denied by the defendant.

There are several modes in which a man's lands may be alienated, but that the widow may be protected against the sole acts of an improvident husband, the law prescribes *the mode* in which a *feme covert* must convey; such conveyance must be of her own free will; she must understand the nature and effect of the deed, and in the absence of her husband, openly confess to an officer of the law that the conveyance is without undue influence, and for the purposes specified.

In this case, it appears that the wife was neither out of sight or hearing of her husband, and an acknowledgment, even if formally made, while thus exposed to his influence, would not have been binding; but no such acknowledgment is shown by the certificate, and if we take the testimony of the subscribing witness, it is further from appearing; hence, there was no relinquishment of any of her rights.

As this deed of mortgage was executed by Lewis B. Umphlet before the adoption of the present Constitution, her rights must be determined by the law as it then existed, and the facts as they are made to appear to the court.

That Lewis B. Umphlet was her husband; that he owned the premises; that he made the mortgage; that she did not relinquish any of her rights, and that he died without issue, leaving her surviving, appear by admission or proof. But that she is still the widow of Lewis B.; that she is occupying the premises as a homestead, and that she is entitled to dower, or not otherwise endowed, are material facts not alleged in the bill and put in issue by the replication to her answer, and there is no proof in the record before us to support what seems to be the finding of the court.

If she is in possession and use of the premises as a dwelling house and appurtenances, she is clearly entitled to hold the same until dower is assigned her out of Lewis B. Umphlet's estate. And if there is no administrator and no heir claiming the estate, who can assent to or make an assignment of dower, one, holding a lien against the real estate, might go into a court of equity, and upon proper allegations and proofs, that court would determine the rights of all concerned, and decree accordingly. *Story Eq'y. Pleadings*, Sections 175, 196; *Fitzgerald vs. Beebe*, 7 Ark., 319.

The decree is reversed and the cause remanded with directions to allow the parties to amend their pleadings, if they desire so to do, and to take testimony and, upon a re-hearing, to decree according to law and not inconsistent with this opinion.