## JAMES BUNCH *v.* M. SHANNON.

1. FRAUD — RESCISSION OF CONTRACT — CASE IN JUDGMENT.—Where a man of weak mind was overreached in a land-trade by one in whom he confided, and did not acquire a good title to the land he bargained for, it was *held*, that the contract should be rescinded, and the parties placed in *statu quo*.

2. MARRIED WOMAN'S DEED — ACKNOWLEDGMENT. —Where the acknowledgment of a married woman to a deed of conveyance of her land does not show that she was examined separate and apart from her husband, the deed is inoperative as her conveyance.

APPEAL from chancery court of Madison county. YOUNG, Chancellor.

*Semmes & Cooper*, for appellant.

*George L. Potter*, for appellee.

SIMRALL, J.:

In September, 1867, the complainant and William S. Shannon made an agreement for an exchange of lands. As stated in the bill, James Bunch was to convey to Shan-

non an eighth of a section (eighty acres) in Madison county in exchange for a like amount in Rankin county to be conveyed by Shannon to him, and also the eighth of a section to be conveyed to complainant's son, who had married Shannon's daughter; either, half to him and the other half to his wife, or the whole to his wife. Bunch accordingly on his part made a deed to Shannon; but, instead of Shannon's complying with his part of the contract, a conveyance was made by his son, W. H. Shannon, of the eighth of the section in Rankin county, to the complainant, but no conveyance has been made of the other eighth of the section to his son and wife, or to the wife.

The bill alleges that the complainant Bunch is of weak mind and understanding; not of sufficient intelligence to transact business of this character. That he had the most implicit confidence in Shannon, and trusted to him to carry out the contract in good faith by having proper deeds made. A rescission is sought upon two grounds: 1st. That the complainant, not having sufficient mental capacity to protect his interests, the trust and confidence which he reposed in Shannon was abused, and that he was imposed upon, deceived and injured; 2d. That there has not been a conveyance to his son and wife, in the matter of the eighth of the section, and that instead of the deed being made to him by W. S. Shannon, with whom he bargained, and in whom he supposed the title to be, it was made by his minor son, W. H. Shannon, who was under the disability of infancy, and who, aside from an inability to convey, had no title to the land.

The proof shows that Bunch is a man of feeble understanding, not, however, to the degree that, on that ground alone, his contract might be avoided; yet, if entered into with a person in whom he has confidence, so that he trusts to that person to do right toward him and guard his interests, and, if there be any unfairness in the transaction, there may be the inference that it was obtained by fraud, or circumvention, or undue influence. 1 Story's Eq. Juris., §§ 235, 236. It is impossible to read the evidence in this

record without receiving the impression that Bunch himself was conscious of his weakness and deficiency, and that he looked to the long friendship, strengthened by relationship in the same church, between himself and Shannon, as motives to Shannon to make for him an advantageous arrangement in the exchange of the lands. If Shannon has availed of that relation to take the advantage of, and impose upon, the credulity and ignorance of his friend, a court of conscience cannot permit him to retain the benefits of his bargain. Although the title papers were read over to Bunch, it is evident, from the testimony, that he could come to no intelligent opinion about them.

The deed for the eighty acres was made to him by W. H. Shannon, the son of W. S. Shannon. It would be immaterial to Bunch whether the conveyances were made to him and his son and daughter-in-law by W. S. Shannon or by some other person in whom the title might be, if conveyed at his instance. But the substantive thing for which Bunch bargained was the land, and a good and sufficient conveyance to transfer the title. It is averred in the bill that W. H. Shannon was a minor, nor is it denied by the answer of Margaret Shannon, to whom Bunch conveyed his eighty acres. It is further averred, that the title of the son was defective and worthless in this, to wit, that this land was the separate property of one Nancy Boggs, wife of Joseph Boggs, who attempted to convey in 1860 to Mrs Shannon, the wife of W. S. Shannon, and the mother of W. H. Shannon, but that the title did not pass, because it did not appear in her acknowledgment of the deed that she was examined separate and apart from her husband. The deed from Mrs. Shannon to her son is defective and inoperative for the same reason.

These facts are not controverted in the answer of Margaret Shannon. It is manifest that both objections to the title are well taken. This branch of the case considered in connection with the mental imbecility and ignorance of Bunch, trading with a man proved to be of good business capacity

and shrewd in his dealings, and who had completely his trust and confidence, enforces the conviction that Shannon abused his influence and has imposed upon his weak, unsuspecting and confiding friend. The contract ought to be rescinded and the parties placed in *statu quo.* But we think that W. S. and W. H. Shannon, as well as Margaret Shannon, ought to be parties defendant.

We reverse the decree and remand the cause for this amendment to be made, and for further proceedings.