## LITTLE, TRUSTEE, VS. DODGE, GUARDIAN, ETC.

1. CONVEYANCE BY MARRIED WOMAN.

   Any substantial deviation from the form prescribed by the statute for the conveyance of real estate by married women, will render the deed invalid.

2. ———: *Acknowledgment.*

   A substantial compliance with the statute must affirmatively appear from the certificate of acknowledgment.

3. CONVEYANCE BY HUSBAND AND WIFE: *Acknowledgment.*

   The certificate of acknowledgment of a conveyance executed by husband and wife, must state that the husband acknowledged that he had executed the deed for the *consideration and purposes therein mentioned and set forth*, and that the wife acknowledged that she had executed it for the *purposes therein contained and set forth.*

4. *Same.*

   The statement in the certificate of the wife's acknowledgment that she acknowledged that she *signed said deed freely and of her own consent, but not by the persuasion or compulsion of her said husband,* is equivalent to stating that she had "*of her own free will executed the deed * * * without compulsion or undue influence of her husband,*" and is a substantial compliance with the statute.

5. ——.
   When the acknowledgment is taken before an officer having an official seal,
   it should be authenticated by his seal of office.

APPEAL from *Pulaski* Chancery Court.

Hon. JOHN R. EAKIN, Chancellor.

*Terry & Vaughan* for appellant.

*Compton & Parsons, contra.*

ENGLISH, CH. J.:

On the 10th of December, 1872, Robert L. Steele, of Rock-ingham, North Carolina, acting by an agent, loaned to John W. Moore, of Little Rock, $2200, for one year, at 20 per cent. interest. The interest for the year, amounting to $440, was added to the principal, and Moore and his wife, Sarah A., made a joint note for $2640, payable at twelve months, bearing interest at 20 per cent. after maturity. To secure the payment of the note, the wife attempted to join the husband in executing a mortgage to Robert A. Little, as trustee of Robert L. Steele, upon lot seven, in block two, E. Q. P. Little Rock, which she inherited from her father, John Robins. The execution of the mortgage was acknowledged before a notary public, who was, no doubt, ignorant of the law and forms of conveyancing, and who made a very defective certificate of the wife's acknowledgment, and perhaps failed to authenticate it with his official seal. Afterwards Mrs. Moore died, leaving an infant son, John Slocum, by a former husband, who inherited from her the mortgaged lot. The bill in this case was brought in the Pulaski Chancery Court, against her surviving husband, alleged to be a tenant by the courtesy, and John Slocum, to foreclose the mortgage.

Creditors of John W. Moore were also made defendants, but they set up no claim upon the premises.

An answer was filed for John Slocum, by Moore, as his guardian, putting in issue the allegations of the bill.

During the pendency of the suit in the court below, Moore died, the relief prayed as to him was abandoned, and George E. Dodge, who succeeded him in the guardianship of John Slocum, was made defendant.

On the hearing, the Chancellor held that the mortgage was not executed by Mrs. Moore in accordance with the statute, and hence was as to her and her heir invalid, and dismissed the bill for want of equity.

Plaintiff appealed.

It appears that a former suit had been brought to foreclose the mortgage, and that the papers in the case, including the original mortgage were misplaced or destroyed during the Brooks-Baxter war, some of the soldiers of Brooks having occupied the office of the Chancery Clerk.

A recorder's copy of the mortgage was made an exhibit to the bill in this suit. The mortgage is in good form. The notarial certificate of acknowledgment is as follows:

"State of Arkansas, County of Pulaski:

"On this, the 10th day of December, 1872, personally appeared before me, a duly commissioned and acting notary public: The said J. W. Moore and his wife, S. A. Moore, grantors in the foregoing deed of conveyance, to me well known as the parties to said deed, and acknowledged that they had signed and sealed the same as their act and deed, and the said S. A. Moore, and being duly by me privily examined separate and apart from her husband, she says she signed said deed freely, and of her own consent, and not by pursuasion or compulsion of her said husband.

"Given under my hand and the seal office this 10 day of December, 1872.                    A. A. STODDARD,
                                        Notary Public."

There is nothing in the recorder's copy to represent a notarial seal, the usual L. S. and scroll [L. S.] being omitted.

John Stoddard was called as a witness by appellant, and permitted by the court, against the objections of appellee, to testify as follows:

" I was a duly commissioned and acting notary public on the 10th of December, 1872. I had a seal of office at that time. It was my custom to affix said seal to all instruments of this kind." (Examining the recorder's copy of the mortgage made an exhibit to the bill.)  " To the best of my knowledge and belief, I affixed my seal to this instrument."

On cross-examination he further deposed:  " I have no guide to refresh my memory except the certificate I see to this copy. I know it was my custom to affix the seal to all instruments of this character.  I have no personal recollection of the matter, but merely suppose I affixed the seal thereto, because I had a seal at that time, and it was my custom to do so."

On re-examination by appellant;  " I occupied the position of book-keeper at Stoddard's Bank, at that time.  I had more business of this kind than any notary in the city.  I kept my seal at the bank.  I do not think there is any probability of my having omitted the seal to this instrument."

The depositions of the attorneys of appellant, who brought the first suit, and who had been in possession of the original mortgage, were taken and read, as to its loss, etc., but they did not state whether the certificate of acknowledgment was authenticated by the notarial seal, or not.   Stoddard was the only witness who was examined as to this matter, and the Chancellor seems to have regarded his statement as insufficient to prove that the certificate of acknowledgment to the original mortgage was authenticated by the seal of the notary.

By the common law, a married woman could convey her real estate by a fine or common recovery. She could not convey by deed.

In England, and in most of the States of this Union, provision has been made, by statute, for the wife to convey her estate, by deed, with the consent of her husband, and the private examination of a magistrate.

By our Statute:

"A married woman may convey her real estate, or any part thereof, by deed of conveyance, executed by herself and her husband, and acknowledged and certified in the manner hereinafter prescribed." Gantt's Dig., sec. 838.

She "may relinquish her dower in any of the real estate of her husband, by joining with him in a deed of conveyance thereof, and acknowledging the same in the manner hereinafter prescribed." Ib., sec. 839.

"The conveyance of any real estate, by any married woman, or the relinquishment of dower in any of her husband's real estate, shall be authenticated and the title passed, by such married woman voluntarily appearing before the proper court or officer, and, in the absence of her husband, declaring that she had, of her own free will, executed the deed or instrument in question, or that she had signed the relinquishment of dower, for the purposes therein contained and set forth, without compulsion or undue influence of her husband." Ib., sec. 849.

The acknowledgment of deeds, etc., within the State, may be taken before the Supreme Court, the Circuit Court, or either of the Judges thereof, or the clerk of any court of record, or before any justice of the peace, or a notary public. Ib., secs. 841, 849.

"Every court or officer that shall take the proof or acknowledgment of any deed or conveyance of real estate, or the relin-

quishment of dower of any married woman in any conveyance of real estate of her husband, shall grant a certificate thereof, and cause such certificate to be endorsed on said deed, instrument, conveyance, or relinquishment of dower, which certificate shall be signed by the clerk of the court when probate is taken in court, or by the officer before whom the same is taken and sealed, if he had a seal of office." Ib., 844.

Inasmuch as a married woman could not, by the common law, convey her estate by deed, and can only do so by virtue of the statute, any substantial deviation from the form thereby prescribed, will render the deed invalid. *McDaniel* v. *Grace et al.*, 15 Ark., 479; *Stillwell and wife* v. *Adams et al., ex'rs.*, 29 Ark., 346; *Wood and wife* v. *Terry et al.*, 30 Ib., 391.

A substantial compliance with what the statute requires to be done, ought affirmatively to appear from the certificate. A literal compliance with the statute is not required—the words of the statute need not be used—words of similar import may be employed, but the courts cannot dispense with a substantial compliance with the statute. They cannot supply, by intendment, important words omitted in the certificate. *Jacoway* v. *Gault, adm'r,* 20 Ark., 194.

The certificate of the notary was not good as to the husband's acknowledgment in this case. The statute requires the grantor, (other than a married woman,) to state " that he had executed the same (the deed) for the considerations and purposes therein mentioned and set forth." Gantt's Dig., sec. 846.

The notary puts the husband and the wife together in the commencement of the certificate, and says that they " acknowledged that they had signed and sealed the same (the deed) as their act and deed," and then he drops the husband and takes up the wife. As to the husband, the words, " for the consideration and purposes therein mentioned and set forth," are wholly wanting,

and such an omission was held to be fatal, for the purposes of registration, in *Jacoway* v. *Gault, adm'r.*

In this case the certificate of the notary, as to the wife's acknowledgment, omits the words of the statute, " for the purposes therein contained and set forth," and no words of similar import are used.

The wife is not required to declare that she had executed the instrument for any consideration, for that may go to the husband, but she must declare that she executed it for the " purposes therein contained and set forth," in the language of the statute, or in words of similar import, for she thereby indicates that she is acquainted with, or understands the nature of the conveyance; whether it be an absolute deed, a mortgage, or a lease, etc. It is important that she should know the purposes and contents of the instrument which she is asked to execute, and the certificate of the officer taking the acknowledgment, should by words substantially equivalent to the language of the statute, show that fact. It is safer and better to follow the language of the statute, and to use approved forms. The guards which the law-makers have placed around the wife, to protect her against imposition in the disposition of her estate, are not to be disregarded or displaced by the courts, but to be maintained, and the spirit and intention of the statute enforced.

When the wife conveys her real estate, she must declare that she had " executed " the deed, etc.

When she relinquishes dower in her husband's lands, she must declare that she " had signed " the relinquishment of dower, etc.

In the original statute she was required to declare that she had *"signed and sealed"* the relinquishment of dower, etc. Gould's Digest, sec. 21, ch. 37. But in the present Digest, Mr. Gantt left out the words *"and sealed,"* because by a clause in the Constitution of 1868, private seals were abolished.

In this case the wife attempted to convey her real estate, and, in the certificate of her separate acknowledgment, the notary omits the words *"executed the deed"* and substitutes therefor the words *"signed said deed,"* etc.

In *Jacoway* v. *Gault, adm'r*, it was held that the words *"signed, sealed and delivered,"* employed in the certificate were equivalent to the word *"executed,"* used in the statute.

In *Tubbs et al.* v. *Gatewood et al.*, 26 Ark., 130, the validity of a wife's deed for her land was questioned. In the certificate of her acknowledgment the words *"signed and sealed"* were used in the place of the word *"executed."* Mr. Justice Harrison, who delivered the opinion of the court, said: "Though signing and sealing, without delivery, is not a complete execution of an instrument, the phrase *'signed and sealed'* in the certificate, was obviously used agreeably to the common understanding and acceptation of its meaning as an equivalent expression for *'signed, sealed and delivered,'* or *'executed.'*"

The statute requires the wife to declare that "she had, of her own free will executed the deed, etc., *without compulsion or undue influence of her husband.*"

The notarial certificate uses this language: "She says she signed said deed *freely and of her own consent, and not by persuasion or compulsion* of her said husband."

The words *"undue influence"* are omitted, and others substituted of less force and appropriateness, but, while we are not disposed to encourage, but to disapprobate, departures from the words of the statute, we cannot affirm that the words used by the notary are not a substantial compliance with the statute, they indicate a voluntary execution of the deed by the wife.

Mr. Gould appended to his Digest, as directed by the revision Act of 14th January, 1857, forms to be used by justices of the peace under the statutes. His work was examined and approved

by George C. Watkins. Both of them were good lawyers, and experienced conveyancers.

The form of acknowledgment by husband and wife of a joint deed, for the wife's land, furnished by Mr. Gould for the use of justices of the peace is as follows:

"State of Arkansas, County of ——:

"On this —— day of ——, in the year of our Lord one thousand eight hundred and ——, before me —— ——, an acting and duly commissioned justice of the peace within and for the county of ——, in the State of Arkansas, appeared in person —— ——, to me well known as the person whose name appears upon the within and foregoing deed of conveyance, as one of the parties grantor, and stated that he had executed the same for the consideration and purposes therein mentioned and set forth, and I do hereby so certify.

"And I further certify, That, on this day, voluntarily appeared before me —— ——, wife of said —— ——, to me well known to be the person whose name appears upon the within and foregoing deed, and, in the absence of her said husband, declared that she had of her own free will executed the same *for the purposes therein contained and set forth*, without compulsion or undue influence of her said husband.

"In testimony whereof, I have hereunto set my hand as such justice of the peace, at the county of —— on the —— day of ——, 18——.                J. P."

This form complies with the requirements of the statute, and is unquestionably good, and, with but little modification, may be used by a notary public or other officer authorized to take acknowledgments.

Where the acknowledgment is taken by a notary public or other officer having a seal, it should be authenticated by his official seal. *Blagg* v. *Hunter,* 15 Ark., 246; Gantt's Digest, sec. 4302, 877.

The Chancellor was not convinced from the evidence before him that the notary attached his official seal to his certificate of acknowledgment upon the original mortgage.

Had either of the attorneys in whose hands the original mortgage was placed for foreclosure, and who filed it as an exhibit in the first suit, and must have examined it when they drafted the bill, deposed that the notarial seal was attached to the certificate, this might have been satisfactory to the Chancellor, but neither of them so deposed. The notary founded his belief upon his habit of using his seal, and not upon any recollection of what he did in this particular case.

We would not disturb the finding of the Chancellor upon a matter of fact, unless there is a decided preponderance of evidence against his judgment, as we have repeatedly held. But if the seal was in fact affixed, the certificate was otherwise fatally defective as above shown.

It may be hard that appellant should lose the benefit of the mortgage by the negligence or incompetency of the notary, but we cannot change, or disregard the law to prevent such hardship.

Decree affirmed.