FREDERICK H. SHORT, and SEMELE SHORT, Appellants, *v.* LAWRENCE CONLEE, Appellee.

APPEAL FROM JO DAVIESS.

The court has the discretion, upon proper cause shown, to allow a plea in ejectment, after the twenty days fixed by the notice have expired.

The party who executes a deed, must, in fact, acknowledge it to the officer to be his deed, either by the use of that word, or some other word equivalent to it, or it will be invalid.

The mere fact of appearing before an officer, who certifies that he knows the grantor, and that the name of the grantor is to the deed, as having executed the same, does not comply with the requirements of the statute.

THIS was an action of ejectment for the north-east fractional quarter of Section 2, in Township 28, Range 1 west of 4th principal meridian, in Jo Daviess county, Illinois.

The general issue was pleaded.

Verdict and judgment for defendant.

The declaration in ejectment was filed in the Circuit Court, on the 27th day of August, 1861, and a rule entered against defendant to plead in twenty days.

No plea was filed under the rule.

On the 30th day of October, at the October term, 1861, of

said court, E. S. Stickney filed his motion and affidavit for leave to file a plea, as follows:

FREDERICK H. SHORT, and
    SEMELE SHORT,
        *vs.*
LAWRENCE CONLEE.
      } Ejectment.

E. S. Stickney, being first duly sworn, says he is the agent of the parties beneficially interested, and is the holder of the legal title to the land which the plaintiffs in the above entitled suit are seeking to recover. That this affiant and the parties interested in said land, knew nothing of the pendency of said suit, until this term of said court, and until it was too late to file a plea, without leave. That the said defendant is a mere tenant, and has no further interest in said land. That the interest of this affiant and the real owners of said land, will be prejudiced unless leave is granted to file a plea and defend said suit. And that they would have filed a plea in time, had they known of the pendency of said suit.

                                  EDWARD S. STICKNEY.

Sworn and subscribed before me this
    29th of October, 1861.
        SIMEON W. KING,
  [SEAL.]         *Notary Public.*

Which motion was sustained by the court, and leave granted to file the plea, and plaintiffs below excepted.

On the trial, the plaintiffs read as evidence from the original entry book, the entry of the lands in controversy from the Government, by Charles Wyeth and Edward S. Norris, on the 13th day of April, 1847.

The plaintiffs then read in evidence a warrantee deed from Hugh B. McFarlane and wife, for the lands in controversy, to Semele Bloomer, duly acknowledged and recorded. Dated on the 10th day of April, 1851.

The plaintiffs then examined as a witness, *M. Y. Johnson,* who testified that he was acquainted with the parties. That Semele Short, late Semele Bloomer, intermarried with Frederick H. Short, in January, 1856. That they have lived together as husband and wife ever since. And that the defendant Conlee was in the possession of the lands in controversy at the date of the service of the writ in this case.

The plaintiffs then offered in evidence a warrantee deed in the usual form, from Charles Wyeth and Edward S. Norris, and Amelia D., wife of Edward S. Norris, to Hugh B. McFarlane, for the lands in controversy. Dated the 13th day of September, 1847, and duly recorded in Jo Daviess county, on the 13th day of November, 1847; which deed was acknowledged before the commissioner of deeds in the State of Maryland for the State of Illinois, as follows (after setting out his title and authority to take acknowledgments):

"Personally appeared Charles Wyeth and Edward S. Norris, personally known to the undersigned to be the identical persons who executed, and whose names are subscribed to the foregoing deed of conveyance, as having executed the same, to be their voluntary act and deed for the purposes therein expressed," with the wife's acknowledgment in the usual form properly certified, etc.

To the reading of which deed, as evidence, the defendant objected, and the court sustained the objection, and excluded said deed as evidence, because the execution of said deed was not proved, and no sufficient acknowledgment appeared. And the plaintiffs excepted to the ruling of the court in excluding the same.

There was a verdict and judgment for the defendant below, and plaintiffs below appealed.

The following errors are assigned:

The court erred in allowing the defendant to file his plea, after the rule expired.

The affidavit is not sufficient to allow Stickney to defend.

No reason is shown to admit the defendant to plead. He was in default.

The court erred in excluding the deed of Wyeth and others to McFarlane. It is sufficiently acknowledged under the statute.

LELAND & BLANCHARD, and M. Y. JOHNSON, for Appellants.

The statute requires the defendant to plead in twenty days;.

and in default, a judgment shall be entered against him. Stat. Eject., Sec. 13; 3 Scam. 30.

No reason is shown why defendant did not plead to authorize the court to extend the time.

The affidavit of Stickney is not sufficient to permit him to appear and defend as landlord. He is agent of the parties beneficially interested, principals not disclosed.

The deed should have been admitted as evidence. Enough appears to show that it was "acknowledged" by the grantors.

The certificate shows "They personally appeared, and are personally known," to the commissioner, "to be the identical persons who executed, and whose names are subscribed to the foregoing deed of conveyance, as having executed the same, to be their voluntary act and deed for the purposes therein expressed."

It is not necessary to use the word "acknowledged." If the parties appear before the acknowledging officer, and voluntarily sign, seal and deliver the deed for the purposes therein declared, and the officer certifies the facts, it is a good acknowledgment.

In this case it is admitted, the officer was the proper person to take the acknowledgment.

He is the witness to the execution of the deed.

He certifies they are known to be the identical persons who executed, and whose names are subscribed as having executed the same, to be their voluntary act for the purposes expressed.

When the officer certifies that a party appeared before him, and acknowledged a deed, it is the officer simply saying, the party declares he has voluntarily signed, sealed and delivered the deed for the purposes therein expressed.

When the officer is the witness to the signing, sealing and delivering of the deed, who certifies to the *identity* of the *persons who executed* and subscribed the deed; and that they personally appeared before him *as having executed the same*, to be their voluntary act and deed, as therein expressed, "*who executed and having executed*," etc., does not the officer by this language, declare the party signed, sealed and delivered the deed, as much as if he had said he "acknowledged it"?

To execute a deed, is to do all those acts necessary to pass the title.　Wharton's Law Lexicon.

To say " having executed " a deed, is equivalent to saying " he acknowledged it."　In both cases, it is the language of the officer, that the party has done all the acts necessary to pass the title.

If there is any defect in the acknowledgment, it is entirely cured by the " confirmatory act " of the legislature, passed on the 11th of February, 1853.　See Scates, Treat & Blackwell Stat., page 966.

By the act, if it appears, in substance, from the certificate, that the parties executed the deed freely and voluntarily, it is a good acknowledgment.

That fact fully appears in this certificate, and the acknowledgment of the wife is full, technical and complete.　5 Smede & M. 470 ; 2 Cowan R. 552 ; 1 Mich. R. 308 ; 1 Gilm. 160 ; 1 S. & M. 443 ; 3 Vt. R. 388 ; 13 B. Mon. 530.

HOYNE, MILLER & LEWIS, for Appellee.

The plea of the defendant was filed by leave of the court, and before any default was taken.　Even if the default of the defendant had been taken, and on motion the same had been set aside, and the defendant allowed to plead, the decision of the court upon such a motion could not be assigned for error. *Buckmaster* v. *Drake,* 5 Gill, 324 ; *Harrison* v. *Clark,* 1 Scam. 131 ; *Garner* v. *Cranshaw,* 1 Scam. 143 ; *Wallace* v. *Jerome,* 1 Scam. 524.

The same rule prevails in ejectment.　*Kelly* v. *Inman,* 3 Scam. 31.

The only remaining question is, whether the following, purporting to be an acknowledgment of a deed, to wit :

" STATE OF MARYLAND, ⎱ *ss.*
" CITY AND COUNTY OF BALTIMORE, ⎰

" Be it remembered, and it is hereby certified, that on this 30th day of September, A. D. one thousand eight hundred and forty-seven, before me, the subscriber, commissioner of the State of Illinois, for the State of Maryland, to administer oaths, take depositions, and the

proof and acknowledgment of deeds, and other instruments, in writing, to be used or recorded in said State of Illinois, personally appeared Charles Wyeth and Edward S. Norris, and Aurelia D. Norris, wife of the said Edward, personally known to the undersigned to be the identical persons who executed and whose names are subscribed to the foregoing deed of conveyance, as having executed the same to be their voluntary act and deed, for the purposes therein expressed. And the said Aurelia D., wife of the said Edward S. Norris, being by me made acquainted with the contents of said deed, and examined separate and apart from her husband, acknowledged that she executed the same, and relinquished her dower in the said premises therein mentioned, voluntarily, freely, and without the compulsion of her said husband, and that she does not wish to retract the same. In testimony whereof, I herewith set my hand and affix my official seal as commissioner of deeds, at my office, on the day and year aforesaid.

JABEZ D. PRATT."

is such an acknowledgment as will entitle the deed to which it is attached, to be read in evidence, without further proof of its execution.

This acknowledgment was taken by a commissioner, appointed by the governor of this State, and section two of the act authorizing such appointment, requires that the acknowledgment shall be certified by the commissioner, and taken in the manner directed by the laws of this State, with respect to the acknowledgment or proof of deeds taken by an officer authorized to take such acknowledgment residing within this State. Scates' Statutes, 1135, Sec. 2.

Section 16 of an act entitled Conveyances, provides that deeds and other instruments of writing for the conveyance of real estate, etc., before they shall be entitled to record, shall be subscribed by the party or parties thereto, in proper person, *and acknowledged* or proved before one of the following officers, etc.

Section 20 prescribes the manner in which the person proposing to make the acknowledgment, shall be proved to be

the person who executed the deed, if his identity is not personally known to the officer taking the acknowledgment, and how such identity, or the proof of such identity, shall be made to appear in the officer's certificate.

By section 25, it is provided that " every deed, conveyance, etc., acknowledged or proved according to the provisions of this chapter, etc., may be read in evidence without any further proof of the execution thereof."

It is true that the statute nowhere in terms prescribes the precise language to be employed by the officer in stating in his certificate the fact that the parties making the deed acknowledged the execution of it, but the officer's certificate can be no evidence of an acknowledgment as required by the 25th section above referred to, unless it shall clearly appear therefrom,

That the person purporting to have made the acknowledgment was the same person who executed the deed, and,

That such person *did in fact acknowledge or declare* the same to be his deed. The term acknowledgment, when applied to conveyances, means " the act of the grantor going before a competent officer, *and declaring* the instrument to be his act or deed." Bouvier's Law Dic., 50.

In the case of *Stanton* v. *Button,* 2 Conn. 527, where the certificate was, " Personally appeared A. B., signer of the above instrument                    to be his free act and deed, before me, C. D., Justice of the Peace," it was held that these words *did not import an acknowledgment.* The court say, " A court cannot by intendment or construction *fill a blank or supply a word.* They can only decide on the meaning and import of the words made use of."

The same question was decided in the same way in the following cases : *Pendleton* v. *Button,* 3 Conn. 406 ; *Bryan* v. *Ramirez,* 8 Cal. 461 ; *Hayden et al.* v. *Westcott,* 11 Conn. 129.

The court may infer that where the grantors came before the commissioner, they came to make and did in fact make the acknowledgment. But the court cannot thus speculate. It can only give a construction to the certificate. 11 Conn. 133.

BREESE, J. This was an action of ejectment to recover the possession of a certain tract of land in Jo Daviess county. The declaration was filed on the 27th of August, 1861, and a rule entered against the defendant to plead in twenty days.

It appears that no plea was filed under the rule, but before any default was taken at the next October term of this court, E. S. Stickney, claiming to be the agent of the real owners of the premises, entered a motion supported by his affidavit for leave to file a plea.

The affidavit is as follows:

" E. S. Stickney, being first duly sworn, says he is the agent of the parties beneficially interested, and is the holder of the legal title to the land which the plaintiffs in the above entitled suit are seeking to recover. That this affiant and the parties interested in said land, knew nothing of the pendency of said suit until this term of said court, and until it was too late to file a plea, without leave. That the said defendant is a mere tenant, and has no further interest in said land. That the interest of this affiant, and the real owners of said land, will be prejudiced unless leave is granted to file a plea and defend said suit. And that they would have filed a plea in time, had they known of the pendency of said suit."

The motion was allowed, and the plea of not guilty filed, and this is assigned as error.

It is true the statute requires the plea to be filed in twenty days after the declaration in ejectment, and notice is filed in court, and this rule must be complied with, unless good cause is shown for non-compliance.

We think such cause is shown in the affidavit. The parties owning the land had no knowledge of the suit until it was too late to file a plea, the notice having been served on the defendant who was but a tenant, having and claiming no title to the land, and that a plea would have been filed if they had known of the pendency of the suit. These facts justified the court in allowing the motion. If a default had been taken, and it had been set aside by the court, error could not be assigned upon it. Such motions are addressed for the most part, to the discretion of the court, and if that be not grossly

abused, error cannot be alleged. *Harrison* v. *Clark*, 1 Scam. 131; *Wickersham* v. *The People*, id. 130 ; *Buckmaster* v. *Drake*, 5 Gilm. 324.

In ejectment causes, there is great propriety in exercising this discretion to prevent collusion between a tenant and claimant.

The remaining error assigned is, in rejecting the deed offered in evidence. The plaintiffs in error insist that enough appears in the certificate of the commissioner to show that it was acknowledged by the grantors.

The certificate is as follows :

" STATE OF MARYLAND, ⎱ *ss.*
CITY AND COUNTY OF BALTIMORE. ⎰

"Be it remembered, and it is hereby certified, that on the 30th day of September, A. D. one thousand eight hundred and forty-seven, before me the subscriber, commissioner of the State of Illinois, for the State of Maryland, to administer oaths, take depositions, and the proof and acknowledgment of deeds, and other instruments in writing, to be used or recorded in said State of Illinois, personally appeared Charles Wyeth and Edward S. Norris, and Aurelia D. Norris, wife of the said Edward, personally known to the undersigned to be the identical persons who executed and whose names are subscribed to the foregoing deed of conveyance, as having executed the same to be their voluntary act and deed, for the purpose therein expressed. And the said Aurelia D., wife of the said Edward S. Norris, being by me made acquainted with the contents of said deed, and examined separate and apart from her husband, acknowledged that she executed the same, and relinquished her dower in the said premises therein mentioned, voluntarily, freely, and without the compulsion of her said husband, and that she does not wish to retract the same. In testimony whereof, I herewith set my hand and affix my official seal as commissioner of deeds, at my office, on the day and year aforesaid.

JABEZ D. PRATT."

Section two, of the act authorizing the appointment of commissioners to take the acknowledgment of deeds, provides, that the acknowledgment shall be certified by the commis-

sioner under his hand and seal, and taken in the manner directed by the laws of this State, with respect to the acknowledgment or proof of deeds taken by an officer, authorized to take such acknowledgments residing in this State. (Scates' Comp. 1135.)

Our conveyance act, section sixteen, provides that deeds, etc., for the conveyance of real estate in this State, before they shall be entitled to record, shall be subscribed by the party or parties thereto in proper person, and acknowledged or proved before one of the following officers, etc. (Id. 962.)

The twentieth section provides that no judge or other officer shall take the acknowledgment of any person to a deed, unless the person offering to make such acknowledgment shall be personally known to him to be the real person, who, and in whose name such acknowledgment is proposed to be made, or shall be proved to be such by a credible witness. (Id. 963.)

Section twenty-two provides, that deeds and other instruments relating to or affecting the title to real estate in this State, shall be recorded in the county in which it lies, etc. (Id. 969.)

Section twenty-five provides, that every deed, conveyance, etc., concerning any lands, tenements, etc., which, by virtue of this chapter, shall be required or entitled to be recorded as aforesaid, being acknowledged or proved according to the provisions of this chapter, whether the same be recorded or not, may be read in evidence without any further proof of the execution thereof. (Id. 974.)

It must be perceived from all the legislation upon this subject, that one fact must prominently appear in the certificate, that the party executing the deed did in fact acknowledge it to the officer to be his deed. Nothing less than this will satisfy the requirements of the statute. Perhaps the word acknowledge need not be used, if some word equivalent to it is found in its place. As applied to deeds, an acknowledgment means nothing more than the act of the grantor going before a competent officer, and then and there to him acknowledging or declaring the instrument produced, to be his act and deed. The mere fact that the grantor appeared before the officer, and that the officer personally knew him as the identical person

who executed, and whose name is subscribed to the deed as having executed the same, do not amount to a declaration that the grantor in fact executed the deed. It is no doubt true, the parties appeared before the commissioner for the purpose of acknowledging the deed, we may well suppose so, but we cannot by intendment or construction place the word acknowledge in a certificate that does not contain it.

It is properly urged by the appellants that to say "having executed" a deed is equivalent to saying he acknowledged it, but that is not said in the certificate. The grantor must say that he executed the deed, which, in this certificate, he does not seem to say.

But it is urged, the default is cured by the act of 1853, commonly called the "confirmatory act," Feb. 11, 1853. (Scates' Comp. 966.)

That statute applies to deeds made by husband and wife, and was enacted to cure any defective statement of such particulars in the certificate, as section seventeen and twenty-one of the conveyance act required to be set forth, and must be construed in reference to those sections. For such defects and formalities, etc., the deed is not to be adjudged invalid, but it does not provide, that notwithstanding such defects, etc., the deed may be read in evidence. The act was evidently designed to apply to cases where the particulars of an acknowledgment were defectively set forth, not to cases where the fact of acknowledgment is entirely omitted.

This is a statutory requirement, and the courts can do no less than enforce the statute even at the hazard of individual loss.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*