## SETH W. HARDIN *et al.*

### *v.*

## JAMES KIRK.

1. PRACTICE AT LAW—*in actions of ejectment—where two separate actions were brought by different plaintiffs for the same land—concerning consolidation of the same.* H and W brought two separate actions in ejectment, against the same defendant, at the same term of court, for the same land, and by different attorneys; but both cases were docketed as one suit; the plea was so entitled and filed, and the docket entries showed that it was so treated by the parties. Upon the trial, after hearing the evidence, on motion of the defendant, the court required the plaintiffs to elect upon which declaration they would proceed, whereupon they elected to proceed in favor of H, and a judgment was rendered in favor of the defendant. *Held,* that W having failed to establish a right to recover, the action of the court requiring such election, was not error, it operating merely, as though the court had rendered a judgment against him, which could have been properly done.

20—49TH ILL.

2. But had W shown a right of recovery, such action of the court would have been error. Both cases having been treated as one suit, and the proofs heard, the defendant's objection came too late.

3. EJECTMENT—*consolidation of suits in—construction of the ninth section of ejectment act.* Under the ninth section of the ejectment act, parties may sue jointly, and proceed jointly in one count for the land, and each separately in other counts, and either for the whole, a part, or for separate and undivided interests, but parties cannot bring separate actions, as in this case, and be required to consolidate them, without their consent.

4. ACKNOWLEDGMENT OF DEEDS—*when certificate fails to show in what State it was made—deed insufficient.* Where the venue to the certificate of acknowledgment was simply "county of New York," and nothing appeared in the body of the deed, indicating in what State the ackowledgment was taken: *Held,* that this was insufficient, and rendered the deed inadmissible in evidence as showing title to the grantee therein, in an action of ejectment for the premises.

5. SAME—*must show where made and certified.* It must appear from the acknowledgment where it was made and certified; or by taking the acknowledgment and deed together we must be able to presume in what State it was taken; otherwise, it is defective.

6. EJECTMENT—*extent of recovery must conform to the declaration.* This court has repeatedly held, that under a declaration in ejectment for the entire premises an undivided interest less than the whole cannot be recovered.

7. EVIDENCE—*in ejectment—deed conveying a less interest—where the whole is claimed—inadmissible.* And in such case, where the whole premises are claimed by the plaintiff, a deed conveying a less interest is inadmissible.

8. STATUTES—*construction of ejectment act—seventh—not repugnant to the twenty-fourth section.* The twenty-fourth section of the ejectment act, does not apply in cases where the whole premises are claimed, and is not repugnant to the seventh section of that law.

APPEAL from the Circuit Court of Will county; the Hon. SIDNEY W. HARRIS, Judge presiding.

The opinion states the case.

Mr. E. S. HOLBROOK, for the appellants.

Messrs SCAMMON, McCAGG & FULLER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought·in the Will Circuit
Court, to the January term, 1866. In form, there are two
declarations, each for the entire tract of land, one by Hardin,
and is signed by Holbrook, his attorney; the other by Wake-
man, and signed by E. A. Coventry, his attorney. They are
each separately entitled of the term, and in other respects formal
declarations with the commencement, body, and conclusion of
a declaration in ejectment containing one count and signed by
separate attorneys. Neither refers to the other, nor is
there any reference in either to the plaintiffs in the other.
They are in all respects, declarations in ejectment by different
plaintiffs, for the same land, in different suits. The commence-
ment of each is by but one plaintiff. One notice and copy
seems to have been served, but whether as one, or separately,
does not appear from the record.

The docket was entitled as of both plaintiffs against the
defendant, and as one case, and the rule to plead was so
entered. The plea was entitled in the same manner. After
hearing the evidence, the court who tried the case, by consent
without a jury, on the motion of defendant, required plaintiffs
to elect upon which declaration they would proceed, when they
elected to proceed for a recovery in favor of Hardin. Excep-
tion to the decision of the court requiring an election was
taken and preserved, and is now relied upon for a reversal.
The court below also excluded a deed in the chain of title for
the land, and found for the defendant and rendered judgment
in his favor, which is complained of as error.

The ninth section of the ejectment law, declares that "In
any case, other than where the action shall be brought for the
recovery of dower, the declaration may contain several counts,
and several parties may be named as plaintiffs jointly in one
count, and separately in others." Under this section, Hardin
and Wakeman, had they desired, could have sued jointly, and
proceeded jointly in any count for the land, and each of them
separately in other counts, and either for the whole, a part, or

156                HARDIN *et al. v.* KIRK.                [Sept. T.,

Opinion of the Court.

for separate and undivided interests. But it does not provide that separate suits may be brought and afterwards united without the consent of the parties. The court, in the exercise of its discretion, might, no doubt, have permitted such a consolidation, and we might infer from the fact that the parties treated it as but one suit by the docket entry, the service, the rule to plead, and by the pleas, that it was so regarded by the court and the parties.

The question then presents itself, whether the action of the court in requiring the plaintiffs to elect, for which plaintiff they would proceed was error. Had Wakeman shown a right of recovery, it would have been error, as the defendant's objection came too late. He should have pleaded separately, and had the cases separately docketed, and not have waited until the plaintiffs had adduced all of their evidence. By going to trial and treating it as one case, defendant waived the right to object. But it appears that Egan entered the land in May, 1836; still Egan's deed to Wakeman, although executed in July, 1836, was never recorded in Will county. It was recorded in Cook county soon after its execution, and a certified copy from the records of Cook county was spread upon the records of Will county, on the 22d of August, 1861.

It appears the land in controversy was sold on an execution against Egan, and in favor of Hastings, from the municipal court of Chicago, and a sale to James Grant. It also appears that the land was redeemed from this sale on an execution in favor of Nathaniel P. Bailey and Henry W. Reynolds, and against Egan, on the twenty-fifth of December, 1838, and that they became the purchasers of the land under their execution, from which it was not redeemed, and for which they received a sheriff's deed, which was recorded in Will county on the 16th of January, 1841. Thus it is seen that this sale having been made and the sheriff's deed having been recorded before the deed from Egan to Wakeman, the sheriff's deed acquired priority, and extinguished Wakeman's title. Wakeman then

having failed to establish a right to recover, the dismissal or abandonment of the count in his favor, could not have prejudiced his rights. It only operates as though the court had rendered judgment against him at that state of the proceeding, which could have been done.

We now come to consider the principal question presented by the record. Was there error in excluding the deed of Bailey and Reynolds to Brown and Wyncoop? The certificate of acknowledgment by Bailey and wife, fails to show in what State the acknowledgment was made. The venue to the certificate is, "County of New York." This venue may apply equally well to a county of the same name in any state of the Union. The deed recites that he had formerly been in business in the city of New York, but it fails to state that he was then in the State and county of New York. There is nothing in the body of the deed, from which it can be inferred that the acknowledgment was taken in the State of New York. It must appear from the acknowledgment where it was made and certified, or by taking the acknowledgment and deed together, we must be able to presume in what State it was taken. The officer taking it can only act within the territorial limits of his jurisdiction, and it must appear that the act was performed within those limits. In this case the certificate and deed failed to show where the officer acted at the time when he took this acknowledgment, and is defective, and the deed as to his interest in the land was therefore inadmissible.

The acknowledgment of the deed by Reynolds, appears on its face to have been acknowledged in the State, county and city of New York, and from the statutes of New York read in evidence, the acknowledgment appears to be sufficient to authorize the deed to be read in evidence, to show that he thereby conveyed his title to the land. It was not, however admissible, for the reason, that the declaration claimed the whole of the land, and he only conveyed an undivided interest in the land. The seventh section of the ejectment act declares

that, "If such plaintiff claims any undivided share or interest in any premises, he shall state the same particularly in such declaration." The share conveyed by Reynolds, and which appellant claims to hold, is not particularly stated in the declaration. It contains no such count, and without it, this court has repeatedly held that an undivided interest cannot be recovered. This being the case, the deed was properly excluded. The twenty-fourth section of the ejectment law does not apply, under the pleadings in this case. The 6th clause of that section only applies where the declaration proceeds for a particular undivided interest, and not where it claims the entire interest. This is manifest by a reference to the seventh section. The clause in the latter section is not repugnant to the first named section, and hence that part of the seventh is not repealed. They are consistent and may stand together. We perceive no error in this record and the judgment must be affirmed.

*Judgment affirmed.*