## EDWARD W. SPARROW v. HIRAM W. HOVEY.

### Certificate of Acknowledgment.

A certificate of acknowledgment was headed "The State of New York, New York county, ss." and signed "Edwin F. Corey, Com. for the State of Michigan in New York." In the body of the certificate the acknowledging officer was described as "a commissioner for the State of Michigan within and for said county." The official seal was a red paper wafer impressed with the words "Edwin　　　, Commissioner of Deeds for Michigan." The certificate did not recite that the acknowledging officer was appointed and commissioned by the Governor. *Held* that it was sufficient to entitle the deed to which it was attached to be admitted in evidence.

Error to Shiawassee. Submitted October 15. Decided October 21.

EJECTMENT. Plaintiff brings error.

*O. L. Spaulding* for plaintiff in error. A person acting in a public office is presumed to have been duly appointed to it, Willard's Real Estate, 395; *Thurman v. Cameron*, 24 Wend., 87; *Thompson v. Morgan*, 6 Minn., 295; *Keichline v. Keichline*, 54 Penn. St., 76; *Dolph v. Barney*, 5ᵉ Oregon, 191.

*Hugh McCurdy* for defendant in error. An official seal is void if the officer's surname is not impressed on it, Comp. L., §§ 427, 430; *Marston v. Brashaw*, 18 Mich.,

81; a certificate of acknowledgment must state all facts needed to show a valid act, *Wetmore v. Laird*, 5 Biss., 160.

MARSTON, J.   We are of opinion that the certificate of the commissioner was in proper form and sufficient to entitle the deed to have been admitted in evidence. In the body of the certificate he described himself as " a commissioner for the State of Michigan within and for said county." It is signed as "commissioner for the State of Michigan in New York," and the official seal attached is also full and clear in the same respect. Objection was made that the full name of the commissioner did not appear in the impression made on the official seal, the first name Edwin only appearing.   There is nothing in this that should cause any doubt whatever to be thrown upon the matter.   It very frequently happens that a clear and distinct impression in full does not appear, but this has not generally been considered as throwing any doubt upon the genuineness of the official act.   It was not necessary for the commissioner in the body of the certificate to recite the source of his power or that he had duly qualified, any more than it would be for a notary or justice of the peace.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.