J. F. Daly, J.
Appeal by plaintiff from judgment in favor of defendants entered on report of referee dismissing complaint for failure of plaintiff to show a valid general assignment for the benefit of creditors, from Clinton H. Smith to himself, by virtue of which he claimed the property described in the complaint.
The defect in the assignment was an irregular certificate of acknowledgement in these words :
“ State of New York, City and County of New York, ss:
“On this twenty-first day of February one thousand eight hundred and eighty-two, before me personally appeared Clinton H. Smith and John Gr. Smith, to me personally known to be the individuals described and who executed the same, and who acknowledged to me that they executed the same for the purposes therein mentioned. “ John N. Brown.
“Commissioner of Deeds, N. Y. county.”
On the trial before the referee, the plaintiff offered the instrument, dated February 20, 1882, and filed in *450 the office of the county clerk of New York county the same day.
Defendant objected to the admission of the assignment on the ground that it was not duly executed or acknowledged. It was admitted that tire instrument was signed by the parties to it; that plaintiff took possession of the property mentioned in the schedule annexed to it; that defendant’s took the property referred to in the complaint out of plaintiff’s possession by Virtue of attachments. The referee allowed the assignment in evidence reserving the question as to the legal effect of the paper until the close of plaintiff’s case.
The plaintiff rested, and defendant moved to dismiss the complaint on the ground that the assignment was not duly acknowledged or executed as required by the statute.
An assignment for the benefit of creditors is not valid if not duly acknowledged and recorded (L. 1877, c. 466, § 1; Rennie v. Beau, 24 Hun, 123 ; Hardmann v. Bowen, 39 N. Y. 196; Britton v. Lorenz, 45 N. Y. 51; Jones v. Bach, 48 Barb. 568 ; Treadwell v. Sackett, 50 Id. 440). If it be not duly acknowledged, the recording goes for nothing; it is not recorded (Rennie v. Beau {above), 2 R. S. 759, §§ 16-20). In determining the validity of the recording of a conveyance, it is the certificate of the officer who takes the acknowledgment that must be considered; for unless the acknowledgment be certified in the manner prescribed by the statute, the instrument is not entitled to be recorded (2 R. S. 759, § 16). The manner of certifying an acknowledgment is for the officer who takes it to indorse upon the conveyance a certificate of the acknowledgment wherein he shall set forth the matters required by the statute to be done, known or proved on such acknowledgment, &c. (2 R. S. 759, § 15). The officer must know or have satisfactory evidence that the per *451 son making the acknowledgment is the individual described in and who executed such conveyance (2 R. S. 758, § 9). According to section 15 of the statute, such knowledge shall be set forth in the certificate.
In the certificate of acknowledgment to the assignment before us, it is not set forth that the officer knew the persons acknowledging it, to be the person described in and who executed the conveyance. The words “ the same” relate to nothing and identify nothing. There is an utter absence of certification by the officers of matters required to be certified. It may be a clerical error merely, but the matters are not in the certificate, and without them the certificate is not in the manner required by the statute, and the conveyance was not entitled to be recorded.
I have referred to the foregoing provisions of the Revised Statutes as applicable to the acknowledgment and recording of insolvent assignments for this reason: The assignment act (L. 1877, above cited), requires that the assignment shall be duly acknowledged before an officer authorized to take the acknowledgment of deeds, and recorded in the office of the clerk of the county where the debtor resided or carried on business at the date thereof. The act does not state the requisites of an acknowledgment, nor of a certificate thereof. The assignment act of 1880 provided that the certificate of acknowledgment should be indorsed upon the assignment, but this provision is omitted in the act of 1877.
The omission was. probably owing to the fact that the revised statutes are explicit as to how acknowledgments shall be taken and certified.
The act of 1877 merely required that the assignment shall be duly acknowledged. “Duly” signifies regularly, or exactly (People ex rel. Hawes v. Walker, 23 Barb. 304), that is to say, in conformity with some regulation on the subject; and as the only rule in the *452 matter is found in the Revised Statutes, the acknowledgment and certificate must conform to them.
Under the act of 1860, it was held that the assignment was invalid if not acknowledged before delivery. Under the act of 1877, no time is fixed for acknowledgment, but it must be before recording, for the reasons above stated, and under the authorities above cited if the instrument be not acknowledged and recorded, it is invalid and passes no title to the assignee. The irregularity in the Certificate of acknowledgment cannot be now cured so as give the assignee title or right over the attaching creditors, the defendants. He gets no title until the assignment is recorded. If no rights intervened, he might obtain a proper certificate and have the assignment recorded properly, but his title to the assigned property would vest only from that time.
The referee was right in giving Judgment for defendants ; and it must be affirmed, with costs.
Van Brunt and Van Hoesen, JJ., concurred.
Note on Cebtificates of Acknowledgment.
The statutes regulating certificates of acknowledgment, though not uniform in the several States, yet are so similar in their requirements, and the principles of interpretation and application under them all are so nearly identical, that a general outline of the decisions upon the form of such certificates will throw useful light upon the value and effect of such certificates as evidence in any of the States. Decisions which seem to be contradictory may have been rendered under materially different statutes: and the statutes should be consulted in connection with the authorities here collated.
Purpose of acknowledgment.} It should also be borne in mind that the purpose of the acknowledgment may be either:
1. To give validity to the instrument ;
8. To entitle it to be recorded or to be read in evidence.
1. Acknowledgment, &c. is often necessary to give validity to the instrument, as in case of an assignment for benefit of creditors (see case in the text), or a conveyance executed by a ministerial officer in the consummation of a sale under judicial process. Ryan v. Carr, *453 46 Mo. 483 ; Adams v. Buchanan, 49 Mo. 64 ; Stubbs v. Kohn, 64 Ala. 186. So, where the statute requires a private acknowledgment by a married woman conveying, she passes no estate unless she makes the proper acknowledgment; and the officer’s certificate is the only evidence permitted of the fact. Its absence cannot be supplied by parol (Elwood v. Klock, 13 Barb. 50; Samuels v. Shelton, 40 Mo. 444. But see Richardson v. Pulver, 63 Barb. 67); and a substantial defect in the certificate cannot be cured by parol, nor reformed in equity. Willis v. Gatman, 53 Miss. 721.
But, ordinarily, as against the grantor in a deed and all claiming under him with notice, a deed is valid without acknowledgment (Mann v. Young, 1 Wash. L. T. [N. S.] 454; Harrington v. Fortner, 58 Mo. 468); and a defective certificate of acknowledgment or proof does not preclude common law evidence of execution. Borst v. Empie, 5 N. Y. 33.
2. Where acknowledgment is not a prerequisite to validity, it is commonly used to prove the execution of the instrument so that it may be admissible in evidence without further proof, or to entitle it to record. A deed which is not acknowledged is not, as a general rule, entitled to be recorded, and although it has been placed upon record, is no notice to third parties, and is a nullity as to all the benefits conferred by statute upon properly registered instruments. Graves v. Graves, 6 Gray, 391; De Witt v. Moulton, 17 Me. 418; Carter v. Champion, 8 Conn. 549; Peck v. Mallams, 10 N. Y. 518; Dussaume v. Burnett, 5 Iowa, 95; Galpin v. Abbott, 6 Mich. 17; Ely v. Wilcox, 20 Wis. 529; Bishop v. Schneider, 46 Mo. 472; Brydon v. Campbell, 40 Md. 331; Simpson v. Montgomery, 25 Ark. 365; Pringle v. Dunn, 37 Wis. 449; Bass v. Estill, 50 Miss. 300; Willard v. Cramer, 36 Ia. 22; Wood v. Cochrane, 39 Vt. 544.
Record of an instrument within the purview of the statute, and duly authenticated so as to be entitled to record, is, as the the recording acts are usually framed, effectual notice, irrespective of omissions in spreading it upon the record (Riggs v. Boylan, 4 Biss. 445), or its omission from the index (Mut. Life Ins. Co. v. Dake, 1 Abb. N. C. 881), or the subsequent destruction of the record (Shannon v. Hall, 72 Ill. 354; S. C., 22 Am. R. 146); and is conclusive evidence of notice of the instrument from the time of such record. Evidence that a party actually saw, or had information of, an instrument upon record, is notice of it to him, although it was not legally entitled to record. Cramer v. Lepper, 26 O. St. 59; S. C., 20 Am. R. 756.
One interested in a deed cannot take the acknowledgment thereof. The commissions of a trustee are sufficient interest to disqualify him from taking the acknowledgment to the trust deed. Brown v. Moore, *454 38 Tex.. 645. But the fact that a notary is interested, under a deed of trust, as one of the beneficiaries, does not disqualify him from taking and certifying the grantor’s acknowledgment of the deed. Nat. Bank of Fredericksburg v. Conway, 14 Bankr. Reg. 513. The agent of a firm who signs its deed in the firm name by himself as agent, is disqualified from taking the acknowledgment thereof. Sample v. Irwin, 45 Tex. 507.
An acknowledgment of a mortgage to corporation before a notary, who is also a stockholder and officer of the corporation, is good; Horton v. Columbian Building & Loan Society, Ohio Dist. Ct. Mahoning, March, 1881, 6 Weekly Cinn. Law Bul. 141. A justice of the peace is not disqualified to take acknowledgment of deeds from his father to his wife by reason of relationship to the parties. Remington Paper Co. v. O’Dougherty, 81 N. Y. 474.
Substantial compliance with the requirements of the statute is sufficient to uphold a certificate of acknowledgment. Carpenter v. Dexter, 8 Wall. 513; Meriam v. Harsen, 2 Barb. Ch. 232; Kennedy v. Price, 57 Miss. 77; Martin v. Davidson, 3 Bush, 572.
The doctrine recognized by all the courts is, that equivalent words, or words which convey the same meaning,- may be used instead of the words found in the statute. Deery v. Cray, 5 Wall. 807; Sharpe v. Orme, 61 Ala. 263; Vance v. Schuyler, 6 Ill. 160; Wiley v. Bean, Id. 302; Davar v. Cardwell, 27 Ind. 478; Hartshorn v. Dawson, 79 Ill. 108.
The rule applies equally to acknowledgments by married women, where acknowledgment is essential to the validity of her conveyance. Tubbs v. Gatewood, 26 Ark. 128; Miller v. Wentworth, 82 Pa. St. 280; and to authenticating certificates attached to the certificate.of acknowledgment. Wells v. Atkinson, 24 Minn. 161.
The certificates are to be liberally construed in favor of their sufficiency. Scharfenburg v. Bishop, 35 Ia. 60; Nelson v. Graff, 44 Mich. 433. Although mere grammatical inaccuracy will not vitiate a certificate,- yet what is intended to be expressed must be clearly seen without resort to mere inference or conjecture. Merritt v. Yates, 71 Ill. 636;. Little v. Dodge, 32 Ark. 453. It is not sufficient that the officer certify that the acknowledgment was “ according to law;” he should.state the facts in regard to the acts and declarations of the party.. Gill v. Fauntleroy, 8 B. Mon. 177; Flanagan v. Young, 2 Har. & M. 38; Wetmore v. Laird, 5 Biss. 160; Bryan v. Ramirez, 8 Cal. 461; Pendleton v. Button, 3 Conn. 406; Short v. Conlee, 28 Ill. 219; Stutter v. Link, 2 Supm. Ct. (T. & U.) 36;. Callaway v. Flash, 50 Mo. 420; Smith v. Garden, 28 Wis. 635.
Where .a proper certificate of acknowledgment is essential to the *455 validity of a conveyance, a defective certificate cannot be aided or cured by parol testimony. Leftwitch v. Neal, 7 W. Va. 569; McClure v. McClurg, 53 Mo. 173; McKellar v. Peck, 39 Tex. 381. Nor so as to make the record of a defectively acknowledged instrument constructive notice. Wood v. Cochrane, 39 Vt. 544.
But a defective certificate may be supported by reference to any part of the instrument itself. Carpenter v. Dexter, 8 Wall. 513; Brooks v. Chapin, 3 Vt. 81. Thus, where the venue of the certificate of acknowledgment is defective, it may be aided by the authenticating certificate (Hardin v. Osborne, 60 Ill. 93), or by the seal. Chiniquy v. Bishop of Chicago, 41 Ill. 148; contra, Willard v. Cramer, 36 Iowa, 32. See, also, Hiles v. La Flesh, 59 Wis. 465; Basshor v. Stewart, 54 Md. 376; Frostburg Mut. Bld. Assoc. v. Brace, 51 Md. 508; Final v. Backus, 18 Mich. 218
Each certificate of acknowledgment must, however, be complete in itself. Thus a certificate of acknowledgment or an assignment for the benefit of creditors by a notary who is obliged by statute to authenticate his official acts by his official seal, which has no notarial seal attached to it on the same page, is ineffectual, and the assignment void, although followed by the same notary’s certificate of the assignee’s acknowledgment of the acceptance of the trust, which has his official seal attached to it. DeGraw v. King, 9 Northw. Rep. 636.
That the certificate of the wife’s separate acknowledgment of her deed cannot be cured by reference to the certificate of the joint acknowledgment, see Robinson v. Noel, 49 Miss. 253. But compare to the contrary, Donahue v. Mills, 41 Ark. 421.
Venue.] In some of the states it seems not to be indispensable that the place of taking the acknowledgment should appear from the certificate, if it appears with sufficient certainty from an inspection of the whole instrument. Brooks v. Chapin, 3 Vt. 281; Augier v. Schieffelien, 72 Pa. St. 106. Thus, where the venue of a certificate of acknowledgment in another State, was simply, “ County of New York” with no indication of the State in the body of the deed, the certificate was held insufficient (Hardin v. Kirk, 49 Ill. 153), but that the defect was cured by the certificate of the county clerk that the commissioner who took the acknowledgment, was duly commissioned for the city, county and State of New York, residing in the county, and duly authorized. Hardin v. Osborne, 60 Ill. 93.
A certificate omitting in the caption the name of the county, but purporting to be taken by O. L. H., clerk of the county court, and having a seal attached containing the words “ Will county seal” was held informal, but sufficient as it was apparent that the acknowledg *456 ment was taken before a proper officer of Will county. Chiniquy v. Catholic Bishop of Chicago, 41 Ill. 148.
Where a conveyance is acknowledged before an officer authorized to take the same within the limits of his jurisdiction, it will be presumed that the acknowledgment was actually taken within such limits, without an averment of that fact contained in the certificate. So hold where an acknowledgment was made before a justice of the peace in Delaware county in the State of New York, and the certificate did not state that he took it in the town for which he was officially acting, and in which alone he was empowered to act. Bradley v. West, 60 Mo. 33. See also, Huxley v. Harrold, 62 Id. 516 ; Graham v. Anderson, 43 Ill. 514.
Where the venue was in one county, but the officer appended to his signature letters indicating another county, the discrepancy was not deemed fatal. Blythe v. Houston, 46 Tex. 65.
Date.] The want of a date will not, in general, vitiate the certificate of acknowledgment. Irving v. Brownell, 11 Ill. 402 ; Trulock v. Peoples, 1 Ga. 3; Webb v. Huff, 61 Tex. 677; Huxley v. Harrold, 62 Mo. 516 (sheriff’s deed). A deed is admissible in evidence though there is no date to the acknowledgment, where the recording of the deed with the acknowledgment, is prior to the opposing title. Galusha v. Sin clear, 3 Vt. 394.
Name of the party.] A certificate which omits the name of the party making the acknowledgment is insufficient. Merritt v. Gates, 71 Ill. 636; Hiss v. McCabe, 45 Md. 77, e. g., “-Murray.” But if it shows that the party who appeared before the officer was the grantor, and refers to him by name in the wife’s acknowledgment, it is sufficient. Magness v. Arnold, 31 Ark. 103. And where the certificate omitted the last name of one of the three grantors, describing him as “ Richard G.” merely, it w'as held that it was made sufficiently certain that he acknowledged it by reference to the deed where Richard G. Bailey was named as a grantor. Chandler v. Spear, 22 Vt. 388.
A certificate that the deed was signed, sealed and acknowledged, without saying by whom, was sustained in Wise v. Postlewait, 3 W. Va. 452, upon the ground, that when certified to have been acknowledged, the only reasonable construction was that the deed was acknowledged by the party, whose name was signed to it.
Where the certificate, after having stated that A. B. & C. B. his wife personally appeared and acknowledged the deed, proceeded to certify the wife’s separate acknowledgment, but omitted to fill blanks . . . “appeared before me---to me well known,” &c., and “in .the absence--said husband declared that--had of her own free will executed the deed,” &c., and that “ she relinquishes *457 her dower,” &c. it was held that the certificate of the wife’s acknowledgment was sufficient, as it could not apply to any other person than the wife before mentioned, and there was no obscurity. Donahue v. Mills, 41 Ark. 421. Compare to the contrary, Smith v. Hunt, 13 Ohio, 260.
A deed which names the grantor as “Hiram S.” and is signed by “Harmon S.” is not rendered admissible in evidence by a certificate of acknowledgment by “Hiram,” as the deed appears to have been signed and acknowlegded by different persons. Boothroyd v. Engles, 23 Mich. 19.
A certificate that A. acknowledged the deed, when A. was the grantee and B. the grantor, is fatally defective. Wood v. Cochrane, 39 Vt. 544.
An instrument, the signing and acknowledgment of which purport to have been done by a firm and in a firm name, will not be entitled to record; it must appear by which member done. Sloan v. Owens, &c. Machine Co., 70 Mo. 206. The acknowledgment of a deed by a trustee, who signs the instrument as such, is not void because the certificate describes him simply by his individual name, without adding his title. Dail v. Moore, 51 Mo. 589. Compare, as to acknowledgment by officers of corporation, Eppright v. Nickerson, 78 Mo. 482.
Personal appearance and identity of the party.] The statutes usually require the certificate to state the personal appearance, before the officer, of the party making the acknowledgment. A certificate which omits the word “appeared,” after the words “ before me personally,” is not defective, as it is a merely clerical error which may be disregarded. Scharfenburg v. Bishop, 35 Ia. 60. Compare Hartshorn v. Dawson, 79 Ill. 108; Johnson v. Badger M. Co., 13 New. 351.
Under the Michigan statute, merely requiring a deed to he “acknowledged by the parties executing the same,” a certificate that M. “the signer and sealer pf the foregoing deed,” acknowledged, &c., is not defective, because it does not show that the grantor was known to the officer, as that is implied from the language, and need not be stated in the certificate. Munroe v. Eastman, 31 Mich. 283; Elwood Flannigan, 104 U. S. 562. But it is otherwise under the New York statute (Fryer v. Rockefeller, 63 N. Y. 268), and, in general, it is essential that the certificate show that the party acknowledging the instrument, was known or proven to the officer to be the party named in, and who executed the same. -Miller v. Link, 2 Supm. Ct. (T. & C.) 86; Murphy v. Williamson, 85 Ill. 149; Lindley v. Smith, 46 Ill. 523; Fell v. Young, 63 Ill. 106; McMinn v. O’Connor, 27 Cal. *458 238; Harrison v. Wade, 3 Cold. 505; Callaway v. Fash, 50 Mo. 420 Mullins v. Aiken, 2 Heisk. 535; Henderson v. McGhee, 6 Heisk. 55.
A certificate that “ before me came M., to me known, and acknowledged that he executed the above deed,” &c., without saying as in the words of the statute “ to me known to be the person described in, and who executed the above deed,” is insufficient. Jackson v. Gumaer, 2 Cow. 552; Duvall v. Cowenhoven, 4 Wend. 561; Averill v. Wilson, 4 Barb. 180; Troup v. Haight, Hopk. 239; West Point Iron Co. v. Reymert, 45 N. Y. 703.
A certificate that the grantor “to me known," &c., omitting “ personally,” is valid, as the words used necessarily imply personal’ knowledge. Todd v. Jones, 22 Ia. 146; Brown v. McCormick, 28 Mich. 215; Robson v. Thomas, 55 Mo. 581; Davis v. Bogle, 11 Heisk. 315.
A certificate that A. B. the president, and C. D. the secretary, of a certain company “who are personally known to me to be such," etc., is, in effect, a certificate that the certifier personally knew them to be such individuals and such officers, and satisfies a requirement that the officer certify that he was “ personally acquainted” with the parties. Kelly v. Calhoun, 95 U. S. (5 Otto) 710.
But a certificate that personallvappeared before the officer, A. B,, “who is personally—to said justice,” &e., omitting the word “known,” is fatally defective. Tully v. Davis, 30 Ill. 103.
A certificate that the party was known to the officer to be the person described in the deed, but without stating that he was known to him to be the person who executed it, is valid. Hunt v. Johnson, 19 N. Y. 279.
A statement that the grantor, naming him, “ personally appeared,” before the officer, does not satisfy the requirement that the officer certify that he was personally acquainted with the grantor. Carpenter v. Dexter, 8 Wall. 513; Kelly v. Calhoun, 95 U. S. (5 Otto) 710; Miller v. Link, 2 Supm. Ct. {T. & C.) 86; Johnson v. Walton, 1 Sneed, 258; Fall v. Roper, 3 Head. 485; Smith v. Garden, 28 Wis. 685. Contra, Burbank v. Ellis, 7 Neb. 156.
An officer taking the acknowledgment of an assignment for benefit of creditors, executed by several partners, must have some distinct personal knowledge of them all, or must take sworn evidence of the identity of such as he does not know. Showing a vague and indistinct knowledge of some of them, is not enough. Treadwell v. Sackett, 50 Barb. 440.
Where the certificate does not contain the words “ to me known to be the person who executed tho foregoing instrument ” found in the statute form, the deed itself and its attestation may be resorted *459 to, to show that the officer knew that the person who made the acknowledgment was the person who executed the deed, and has substantially so certified. Thus, where the officer was one of the attesting witnesses to a tax deed executed by W., as county clerk, a certificate stating that “ W., county clerk aforesaid,” personally appeared before him, etc., was held a sufficient statement of the grantor’s identity. Hiles v. La Flesh, 59 Wis. 465.
Identification of the instrument acknowledged.'] In contrast with the case in the text, it was held in Munroe v. Eastman (31 Mich. 383), that a certificate indorsed upon the deed as required by law was not defective, because it certified to the acknowledgment of the “ subjoined ” deed. So, also, where the certificate did not specifically refer to the instrument, a sheriff’s deed, but certified that the sheriff “acknowledged that he had executed and delivered a deed,” &c., this was deemed a clerical error merely, which did not invalidate the certificate, as it obviously referred to the deed in question. Samuels v. Shelton, 48 Mo. 444. See, also, Hunt v. Johnson, 19 N. Y. 279 (cited above), and Davar v. Cardwell, 27 lnd. 478.
Acknowledgment of execution. ] In general, a certificate which omits the word “ acknowledged,” and does not contain any word or words expressive of an equivalent idea, is fatally defective. Cabell v. Grubbs, 48 Mo. 353. But the word “ acknowledge,” is not essential, if words of equivalent import are used, as where the certificate of the acknowledgment of a deed of a corporation, stated that the president being duly sworn, “ deposes and says ” that he, by authority of the board, &c. did subscribe, &c. and that the seal was affixed by authority, &c. Chouteau v. Allen, 70 Mo. 290.
Where a certificate stated that “ this day came before me,” &c. “the within named J. H., and A., his wife, to acknowledge this indenture to be their act and deed,” it was held that there was no ground for an inference from the phrase “ to acknowledge ” that no acknowledgment was made; and the certificate was sufficient. Jackson v. Gilchrist, 15 Johns. 89.
And a certificate which stated that the grantor signed, sealed and delivered the deed in the presence of the officer, was held sufficient, as clearly implying that the deed was acknowledged. Hoboken Land & Impr. Co. v. Kerrigan, 2 Vroom, 13.
The mortgage of a corporation contained the appointment of W. S. as the attorney of the corporation to acknowledge the mortgage (the statute providing for acknowledgment in this way), and on the day of its execution, W. S. appeared before a proper officer, who certified that “personally appeared W. S., he being known to me to be the individual who is named and described as, and professing to be the *460 attorney named in the letter or power of attorney, contained in the foregoing mortgage, or instrument of writing-to be the act and deed of ” the corporation, omitting the words “ and acknowledged the same.” It was held, that, reading the certificate in connection with the other parts of the instrument, it was clear that the mortgage was acknowledged by the attorney in pursuance of the authority conferred, and the certificate was sufficient. Basshor v. Stewart, 54 Md. 376. Compare Frostburg Mut. Building Assoc. v. Brace, 51 Id. 518.
A certificate that the grantor acknowledged that he “signed” the deed, without adding “ sealed and delivered,” or using the word “executed,” has been held invalid. Robinson v. Noel, 49 Miss. 253. So, also, where it certified that it was “sealed and delivered,” without saying “signed.” Smith v. Elliott, 39 Tex. 201. But compare Stuart v. Dutton, 39 Ill. 91.
A certificate that “ personally appeared ” A. B. “to me known to be the person described in, and who executed the above deed, and acknowledged that-executed the same ”is fatally defective, as it does not show that the grantor acknowledged that he executed the deed. Buell v. Irwin, 24 Mich. 145.
Omission of the word “ voluntary,” in certifying that the grantor acknowledged the instrument to be bis voluntary act and deed, vitiates the certificate. Newman v. Samuels, 17 Ia. 528; Laird v. Scott, 5 Heisk. 314. But an omission of the words “ on the day and year therein mentioned ” in a certificate of acknowledgment of “ delivery on the day,” &c. is not material. Caruthers v. McLaren, 56 Miss. 371.
An authenticating certificate of a county clerk, which certified that the deed was executed “and proved or acknowledged according to the laws of this State ” was sustained, the deed showing a certificate of acknowledgment to which the authenticating certificate must be deemed to refer, rather than to a certificate of proof which did not appear, so that there was no ambiguity as to whether the deed was proved or acknowledged. Nelson v. Graff, 44 Mich. 483.
The official character of the officer who takes an acknowledgment, must, in general, appear in the certificate, either in the body of it, or in the subscription, and if it does not so appear, it is insufficient. Johnston v. Haines, 2 Ohio, 278; McCormick v. Evans, 33 Ill. 327; Whitehead v. Foley, 28 Tex. 268 ; Texas Land Co. v. Williams, 51 Tex. 51.
Evidence of the official character of the certifying officer need not be added to his certificate, unless required by the statute. Secrist v. Green, 3 Wall. 744, 750; Carpenter v. Dexter, 8 Id. 513.
Although the certificate does not state that the officer was one who by law could take acknowledgment of deeds, yet if it does state *461 what the office was, and the statute makes it the official duty of one holding such an office to take the acknowledgment of deeds, the statement of his official character necessarily includes and implies a statement of his official authority. Elwood v. Flannigan, 104 U. S. 562.
Adding the official title to the signature, e. g., “John Smith, Register of Deeds,” is sufficient without mentioning the name or office in the certificate. McCauslin v. McGuire, 14 Kans. 284. A cer-' tificate by a justice of the peace who described his official character only by the “ J. P.” appended to his signature, was held sufficient, where it was accompanied by a clerk’s certificate that the officer who took the acknowledgment was a justice of the peace. Final v. Backus, 18 Mich. 218.
Where, by the statute as in Iowa, notaries are appointed in and for each county, not for the State at large, the certificate of acknowledgment by a notary is fatally defective, if it fails to show the county- of the notary; and an impression of the notary’s seal upon which the name of tho county is engraved, does not cure the defect. A seal is no part of the certificate. It does not cure defects but authenticates. Willard v. Cramer, 36 Ia. 22. But where the notary is appointed to act throughout the State, the certificate need not state his residence. Maxwell v. Hartman, 8 Northw. Rep. 363.
Where a portion of the certificate ran as follows: “ State of Missouri, Schuyler County, ss.: Be it remembered that before the undersigned, circuit clerk, comes,” &c., this was held to sufficiently show that the officer was clerk of the circuit court of Schuyler county. Sidwell v. Birney, 69 Mo. 144.
A commissioner of deeds for another State need not recite in the body of his certificate the source of his power, or that he has duly qualified. Hence, erroneously describing himself in the certificate as “a commissioner for the State of Michigan, within and for said county ” of the venue, is not a fatal defect, where he signs the certificate correctly describing himself as “a commissioner for the State of Michigan in New York.” Sparrow v. Hovey, 41 Mich. 708. See also Merchants’ Bank of St. Louis, v. Harrison, 39 Mo. 433.
But a certificate signed by “ R. T., commissioner of Alabama in and for the State of Ohio ” (the place of acknowledgment), was held insufficient, it appearing that R. T. was appointed by the governor as “commissioner of deeds for the Stale of Alabama, to reside at the city of Cincinnati.” Keller v. Moore, 51 Ala. 340.
An acknowledgment of á sheriff’s deed certified by the clerk to have been taken “before the judge of the circuit court,” is not fatally defective under a statute requiring acknowledgment before the court, *462 as the terms “judge" and “court” are sufficiently synonymous to exclude any presumption that the acknowledgment was not taken before the court. McClure v. McClurg, 53 Mo. 173.
Where a deed is acknowledged before a deputy clerk, the body of the certificate should be in the usual form, and read precisely as if the clerk or proper person had taken arid certified the acknowledgment. Talbott v. Hooser, 12 Bush (Ky.) 408. The acknowledgment of a sheriff’s deed by a deputy sheriff in his- own name as deputy, is invalid. Samuels v. Sheldon, 48 Mo. 444.
*As to sufficiency of statement of official character of the clerk who authenticates a certificate of acknowledgment, see Shotwell v. Harrison, 22 Mich. 410; Morse v. Hewett, 28 Id. 481.
Official signature.] The certificate must be signed by the officer, and if his name appears merely in the body of the certificate, it is insufficient. Marston v. Brashaw, 18 Mich. 81; Hout v. Hout, 20 O. St. 119.
But where a deed, executed by husband and wife, contained a certificate of the husband’s acknowledgment, complete in all respects except signature, followed by a certificate of the wife’s acknowledgment, which was duly signed by the officer, it was held, that the two certificates should be regarded as one, and valid as to both parties. Wright v. Wilson, 17 Mich. 193.
Official seal.~\ If the officer is required by law to authenticate all bis official acts by his official seal, the omission to do so vitiates the certificate. McKellar v. Peck, 83 Tex. 234; 39 Id. 381; Texas Land Co. v. Williams, 51 Id. 51. See, also, DeGraw v. King, 9 Northw. Rep. 636, cited at length above.
A private seal will not answer. Tlius, where a city charter gave the mayor authority to take acknowledgments of deeds “and certify the same under the seal of the city,’’ but the city in fact provided no seal, it was held, that, although he might adopt as an official seal a scrawl or other device, and his certificate containing the declaration that it was under the seal of the city, would be sufficient, yet where it concluded with the words, “given under my hand and private seal, there being no official seal of office provided,” the certificate was invalid. Geary v. City of Kansas, 61 Mo. 378.
A certificate which declares that the officer has affixed his seal thereto without it, is insufficient. Ballard v. Perry, 28 Tex. 347; Mason v. Brook, 12 Ill. 273. On the other hand, if the seal is in fact affixed, it is not essential that the certificate should purport to be under seal, or so stated in the body of the certificate. Dale v. Wright, 57 Mo. 110; Webb v. Huff, 61 Tex. 677.
Indorsing or annexing certijicate-l Under a statute requiring the *463 officer to “indorse ” the certificate on the conveyance, it need not be literally indorsed on the back of the deed, but may be subjoined at the foot of the conveyance, and have the same effect. Thurman v. Cameron, 24 Wend. 87.
But, under such a statute, if the certificate is on a separate sheet from the instrument acknowledged, it is invalid. Superior Ct. of Gin., Jan., 1882, Poor v. Scanlan, 7 Weekly Cinn. L. Bul. 15; Winslow v. Higgins, 9 O. St. 599.
Achnowledgment by married women.] Material departures" or omissions from the statute, requirements as to acknowledgments by married women, as a general rule, render her conveyance of land inoperative. Pribble v. Hall, 13 Bush. 61; Looney v. Adamson, 48 Tex. 619; Wright v. Dufield, 58 Tenn. 218; Petition of Bateman, 11 R. I. 585; Little v. Dodge, 32 Ark. 453.
The statutes often require that the certificate of acknowledgment of a married woman’s conveyance should show that she was examined separately and apart from her husband. If it fails to so state, the conveyance is a nullity. Stillwell v. Adams, 29 Ark. 346; Russell v. Umphlet, 27 Ark. 339; McLeran v. Benton, 43 Cal. 467; Willis v. Gattman, 53 Miss. 721; Laidley v. Knight, 23 W. Va. 735; Burch v. Shannon, 46 Miss. 525. For cases in which this fact was deemed sufficiently set forth in the certificate, see Thayer v. Torrey, 8 Vroom (N. J. L.) 339 ; Dennis v. Tarpenny, 20 Barb. 371; Deery v. Cray, 5 Wall. 795; Nippel v. Hammond, 4 Col. 211.
Failure to certify, as required by the statute, that the grantor was made acquainted with the contents of the instrument, vitiates the certificate. Burnett v. McClurg, 78 Mo. 482; Heaton v. Fryburger, 48 Iowa, 185; Anderson v. Bewley, 11 Heisk. 29. For illustrations of certificates sufficient in this respect, see Kavanagh v. Day, 10 R. l. 393; Canal & Dock Co. v. Russell, 68 Ill. 426. Under the Kansas statute, a certificate which stated that she was made acquainted with the-contents of the conveyance “through F. A., an interpreter duly sworn,” was held sufficient. Norton v. Meader, 4 Sawyer, 603.
It is usually required that the officer certify that she acknowledged that she executed the instrument freely and voluntarily without fear or compulsion of her husband. That the omission of the word “voluntarily ” is not fatal, where the other words in this clause are used, since the purpose of the statute is to secure the grantor against the coercion of her husband, see Miller v. Wentworth, 82 Pa. St. 280; Hunt v. Harris, 12 Heisk. 243; Allen v. Lenoir, 53 Miss. 321; Bernard v. Elder, 50 Miss. 336; Laird v. Scott, 5 Heisk. 314, 350. Compare Little v. Dodge, 32 Ark. 453. For other cases arising upon this point, see Wright v. Dufield, 58 Tenn. 218; Edmondson v. Har *464 ris, 2 Tenn. Ch’y 427; Rice v. Peacock, 37 Tex. 392; Henderson v. Rice, 1 Cold. 223; Tubbs v. Gatewood, 26 Ark. 128; Bartlett v. Fleming, 3 W. Va. 163; Gorman v. Stanton, 5 Mo. App. 585; Little v. Dodge, 32 Ark. 453; Meriam v. Harsen, 2 Barb. Ch. 232.
Under a statute which provides that a married woman acknowledging a deed “ shall declare to the officer taking such 'acknowledgment, that the deed or instrument shown and explained to her by such magistrate, is her voluntary act, and that she doth not wish to retract the same,” it was held that a certificate of acknowledgment was fatally defective which stated that she acknowledged in á private examination, &c., “ that she did execute the said instrument of her own free will and accord,” but omitted the clause as to wish to retract, as it did not, either expressly or by intendment, show that the acknowledgment and declaration prescribed by statute had been taken by the magistrate either in substance or in statutory form. The statute designs to protect her in the exercise of her free will up to the last moment. Petition of Bateman, 11 R. I. 585.
A certificate which omits the clause, “that she did not wish to retract it,” as found in the statute, is fatally defective. Linn v. Patton, 10 W. Va. 187. See, also, Leftwitch v. Neal, 7 W. Va. 569; Belcher v. Weaver, 46 Tex. 293 (use of word “ contract ” instead of “retract,” a clerical error and immaterial).
A substantial compliance with all the requirements of the statute as to acknowledgment by a married woman of her conveyance, is essential, and a certificate which does not certify that she is still satisfied with the conveyance, as required by the statute, is insufficient. Ward v. McIntosh, 12 O. St. 231.
A certificate authenticating the acknowledgment of a deed of land in another State, which complied with the law in other respects, but failed to certify as required, that the deed was executed and acknowledged according to the laws of the State where it was acknowledged, was held insufficient. Morton v. Smith, 2 Dill. 316.
A certificate that the deed was “proved or acknowledged according to the laws,” &c., was held sufficient in Nelson v. Graff, 44 Mich. 433 (cited above).
Amendment of certificate.1 Where the validity of the dee'd does not depend on due acknowledgment, the officer has power to correct at any time any mistake in his certificate conformably with the facts. Jordan v. Corey, 2 Ind. 388. But see Merritt v. Yates, 71 Ill. 636, and Gilbraith x. Gallivan, 78 Mo. 452. The mere clerical act of filling up the certificate may be done at any time while he remains in office. Harmon v. Magee, 57 Miss. 410. He may affix his seal, *465 where he has omitted to do so at the time of the acknowledgment. McKellar v. Peck, 39 Tex. 381.
All the New York cases on the subject at large are collected in Abb. N. Y. Dig. new ed., vols. 1, 7, and Annual.